[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 9, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-11478
Non-Argument Calendar

_____

Agency No. A97-384-886

MIN QI WEN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(February 9, 2007)**

Before ANDERSON, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

Min Qi Wen petitions for review of the Board of Immigration Appeals's (BIA) adoption and affirmance of the Immigration Judge's (IJ) order denying asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhumane, or Degrading Treatment or Punishment (CAT).

## I. DISCUSSION

When, as here, the BIA issues a summary affirmance of the IJ's opinion, we review the IJ's opinion, not the BIA's decision. See Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1284 n. 1 (11th Cir. 2003). The IJ's "findings of fact are reviewed under the substantial evidence test," and we must affirm the decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Antipova v. U.S. Att'y Gen., 392 F.3d 1259, 1261 (11th Cir. 2004) (citation and internal quotation omitted). Credibility determinations are also reviewed under the substantial evidence test. Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005) (citations omitted). "To reverse the IJ's fact findings, we must find that the record not only supports reversal, but compels it." Mendoza, 327 F.3d at 1287 (citation omitted).

"To establish asylum eligibility, the alien must establish, a well-founded fear that his or her political opinion (or other statutorily listed factor) will cause harm or suffering that rises to the level of persecution." Forgue, 401 F.3d at 1286 (citation

and quotation omitted).[1]  "The asylum applicant must establish eligibility for asylum by offering credible, direct, and specific evidence in the record."  Id. at 1287 (citation and internal quotation omitted).  The alien's testimony, if credible, may be sufficient to sustain the burden of proof for asylum or withholding of removal without corroboration.  8 C.F.R. §§ 208.13(a), 208.16(b).  Conversely, "[a]n IJ's denial of asylum relief . . .  can be supported solely by an adverse credibility determination, especially if the alien fails to produce corroborating evidence."  Chen v. U.S. Att'y Gen., 463 F.3d 1228, 1231 (11th Cir. 2006) (per curiam) (citation omitted).  "If the IJ explicitly determines that the alien lacks credibility, the IJ must offer specific, cogent reasons for the finding.  The burden then shifts to the alien to show that the IJ's credibility decision was not supported by specific, cogent reasons or was not based on substantial evidence."  Id. (internal citations and quotations omitted).  When the IJ enumerates an applicant's inconsistencies and those inconsistencies are supported by the record, we "will not substitute our judgment for that of the IJ with respect to its credibility findings."  See D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 819 (11th Cir. 2004).

---

[1]To qualify for withholding of removal or CAT relief, an alien must establish standards more stringent that those for asylum eligibility, and thus an alien unable to prove a "well-founded fear" of persecution, as required for asylum relief, necessarily fails to prove, by a preponderance of the evidence, that he will be persecuted on account of a protected ground, or tortured.  Zheng v. U.S. Att'y Gen., 451 F.3d 1287, 1292 (11th Cir.) (per curiam), petition for cert. filed, 75 U.S.L.W. 3121 (U.S. Sep. 12, 2006) (No. 06-367).

Wen argues that the IJ's adverse credibility determination was based on false renditions of his testimony and, at best, minor inconsistencies in the record and was not based on specific and cogent reasoning. In addition, Wen contends that the IJ lacked substantial evidence upon which to deny his asylum claim, asserting that he presented specific, coherent, and consistent testimony regarding persecution based on his violation of China's coercive population control policies.

After careful review of the record and the parties' briefs, we find no reversible error. The record does not compel a reversal of the IJ's findings that Wen's testimony lacked credibility, and that his claims were not otherwise supported by "credible, direct, and specific evidence." See Forgue, 401 F.3d at 1287 (citation and quotation omitted). While Wen argues that his testimony regarding his employment, his travel arrangements, and his residence resulted in, at the worst, only minor inconsistencies, the IJ's adverse credibility finding was nonetheless supported by specific, cogent reasoning, based on all of the evidence in the record. Specifically, the IJ found that Wen's claim that he neither had money nor owed money was inconsistent with the fact that he testified he was not working and he had hired at least three attorneys and had traveled by airplane from Michigan to Florida. The IJ further detailed that while Wen testified that he did not speak Mandarin very well, he conducted his airport interview in Mandarin, essentially answering all of the questions. Perhaps most importantly, the IJ noted

4

that, when an INS official asked Wen why he had come to the United States upon arriving at the Miami airport, the INS officer's interview form indicated that Wen answered "I want my father to be proud of his son." R at 35 (quoting id. at 96). The IJ indicated that Wen now claims that his parents abandoned him and he came here because he was persecuted. Based upon these and other inconsistencies in the record, the IJ found that Wen's testimony "simply lacks the ring of truth." Id. Because this finding was supported by substantial evidence and made based on cogent, specific analysis of the evidence in the record, this Court may not substitute its judgment for that of the IJ. See D-Muhumed, 388 F.3d at 819.

Moreover, even if considered credible, Wen failed to establish eligibility for relief. As noted by the IJ, Wen testified that he and his girlfriend made the decision to abort her pregnancy, and there was no evidence of a forced abortion. When Wen was asked to describe how he had been persecuted, he testified that when he was sixteen years old he had impregnated his girlfriend, who was a year younger than him, and feared that he would be put in jail if he returned to China. Wen admitted that he and his girlfriend decided to have an abortion and that he ran away before authorities who he claims were looking for him ever found him. As a result, Wen presented no evidence that his girlfriend had been forced to abort a pregnancy or to undergo involuntary sterilization and no evidence that he had been persecuted for resistance to a coercive population control program. See 8 U.S.C. §

5

1101(a)(42)(B). Because Wen cannot meet the criteria for asylum relief, he similarly cannot meet the higher standards of proof required for withholding of removal and CAT relief. See Zheng, 451 F.3d at 1292.

## II. CONCLUSION

Because Wen's testimony was inconsistent, in several respects, with other evidence in the record, and he failed to meet his burden to show that the IJ's adverse credibility finding was not based upon specific, cogent reasoning, the IJ did not err in finding Wen's testimony incredible. Moreover, because Wen failed to offer credible evidence demonstrating that his girlfriend's abortion made him eligible for relief on the basis of political persecution, the IJ did not err in finding Wen ineligible for asylum, withholding of removal, or CAT relief.

**PETITION DENIED.**