[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 20, 2007
THOMAS K. KAHN
CLERK

No. 06-14128
Non-Argument Calendar
_____

Agency No. A79-497-215

JUAN CARLOS BARON,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(March 20, 2007)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Juan Carlos Baron, a native and citizen of Colombia, petitions this Court to review the decision of the Board of Immigration Appeals ("BIA") adopting and affirming the order of the Immigration Judge ("IJ") denying his application for

asylum pursuant to the Immigration and Nationality Act ("INA"). On appeal, Baron asserts that the IJ's adverse credibility finding was not supported by substantial evidence, and that he demonstrated both past persecution by the Revolutionary Armed Forces of Colombia ("FARC") on account of his community activities and imputed political opinion, and future persecution by the FARC upon his return to Colombia. After careful review, we deny the petition for review.[1]

Where, as here, the BIA adopts the IJ's reasoning, we review the IJ's decision as if it were the BIA's. Chen v. U.S. Att'y Gen, 463 F.3d 1228, 1230 (11th Cir. 2006). Id. The IJ's factual determinations, including credibility determinations, are reviewed under the substantial evidence standard. Id. at 1230-31. Under this standard, "the IJ's decision can be reversed only if the evidence compels a reasonable fact finder to find otherwise." Id. at 1231 (internal quotations omitted). We "may not substitute [our] judgment for that of the [IJ] with respect to credibility findings." D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 818 (11th Cir. 2004).

---

[1]Because we conclude Baron has not met his burden to establish his eligibility for asylum, we also conclude that he failed to meet the higher standard for withholding of removal. Al Najjar v. Ashcroft, 257 F.3d 1262, 1292-93 (11th Cir.2001). Baron also applied for relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), 8 U.S.C. § 1231(b)(3), 8 C.F.R. § 208.16(c). Baron makes no arguments on appeal concerning the denial of his request for CAT relief. Therefore, he has waived that issue. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

An alien who arrives in or is present in the United States may apply for asylum. See INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Attorney General has discretion to grant asylum if the alien meets the INA's definition of a "refugee." See INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). A "refugee" is any person who is unwilling to return to his home country or to avail himself of that country's protection "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . ." 8 U.S.C. § 1101(a)(42)(A).

The asylum applicant carries the burden of proving statutory "refugee" status. See Al Najjar, 257 F.3d at 1284; 8 C.F.R. § 208.13(a). The applicant satisfies this burden by showing, with specific and credible evidence: (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that his statutorily listed factor will cause future persecution. Al Najjar, 257 F.3d at 1287; 8 C.F.R. § 208.13(a), (b). "To establish asylum based on past persecution, the applicant must prove (1) that she was persecuted, and (2) that the persecution was on account of a protected ground." Silva v. U.S. Att'y Gen., 448 F.3d 1229, 1236 (11th Cir. 2006) (citations omitted). "To establish eligibility for asylum based on a well-founded fear of future persecution, the applicant must prove (1) a 'subjectively genuine and objectively reasonable' fear of persecution, that is (2) on account of a protected ground." Id. (citations omitted).

3

If an alien provides credible testimony, it may be sufficient, without corroboration, to establish his eligibility for relief from removal. Chen, 463 F.3d at 1231. However, an IJ's denial of asylum relief can be based solely on an adverse credibility determination if the alien does not produce corroborating evidence. Id. If the alien does provide corroborating evidence, the IJ may not rely solely on an adverse credibility determination and must consider the corroborating evidence. Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005). Once the IJ explicitly finds that the alien lacks credibility, the burden shifts to the alien to show that the IJ's credibility determination "was not supported by specific, cogent reasons or was not based on substantial evidence." Chen, 463 F.3d at 1231 (internal quotations omitted).

Here, substantial evidence supports the IJ's decision that Baron did not establish past persecution based on political opinion, imputed or otherwise. First, the IJ made an adverse credibility determination as to Baron's testimony based on inconsistencies between his asylum application and his testimony. The IJ specified and explained the inconsistencies in her order. More specifically, the IJ highlighted several "material" and "serious" incidents, including an alleged beating, Baron's membership in four specific organizations, threatening phone calls before the alleged beating, an armed individual appearing at Baron's house, and a threatening note from FARC, all of which Baron described during the asylum

4

hearing, but had not mentioned on his asylum application. Moreover, the IJ found that even if she found Baron to be credible, and taking into account the corroborating evidence Baron presented, he still had not established past persecution because there was <u>no</u> evidence of serious injury or that Baron had been arrested or detained. Cf. <u>Sepulveda v. U.S. Att'y Gen.</u>, 401 F.3d 1226, 1231 (11th Cir. 2005) ("[P]ersecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation[.]" (internal quotations and citation omitted)). In short, the record does not <u>compel</u> a contrary conclusion.

Because Baron did not establish past persecution, he was not entitled to a presumption of a well-founded fear of future persecution. Substantial evidence supports the IJ's conclusion that Baron did not have a well-founded fear of future persecution. Because he did not present "specific, detailed facts showing a good reason to fear that he . . . will be <u>singled out</u> for persecution," <u>Sepulveda</u>, 401 F.3d at 1231 (quotation omitted), we are not compelled to conclude that he established a case for asylum based on a well-founded fear of future persecution by the FARC.

In sum, Baron has failed to establish that the record <u>compels</u> a finding that the FARC persecuted him, or that he had a well-founded fear of future persecution by the FARC, because of an imputed political opinion or membership in a social group. Accordingly, we deny the petition for review.

**PETITION DENIED.**

5