[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 3, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12551
Non-Argument Calendar

_____

Agency Nos. A78-601-867
A78-601-868

YOLANDA FRANCO,
JUAN MARIA BERMUDEZ,
CESAR AUGUSTO BERMUDEZ,
JUAN FELIPE BERMUDEZ,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(April 3, 2008)**

Before TJOFLAT, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Yolanda Franco, her husband, Juan Maria Bermudez, and their two sons, Cesar Augusto Bermudez and Juan Felipe Bermudez (Petitioners), petition this Court for review of the Board of Immigration Appeals' (BIA's) order adopting and affirming the order of the Immigration Judge (IJ) denying their applications for asylum and withholding of removal under the Immigration and Nationality Act, and relief under the Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment (CAT), 8 U.S.C. §§ 1158, 1231(b)(3), 8 C.F.R. § 208.16(c).[1] In their petition for review, they contend the IJ erred in making an adverse credibility determination and they have otherwise satisfied their burden of proof with respect to their claims for relief. We deny the petition.

When the BIA issues a decision, we review only that decision, except to the extent the BIA expressly adopts the IJ's decision. *Al Najjar v. Aschroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). "Insofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well." *Id.* Here, the BIA expressly adopted the IJ's decision, and we review both the decision of the IJ and the BIA.

---

[1] Petitioners did not appeal the IJ's denial of their CAT claim to the BIA. Thus, Petitioners failed to exhaust their administrative remedies with respect to the IJ's denial of their CAT claim, and we lack jurisdiction to consider the issue. *See Alim v. Gonzales*, 446 F.3d 1239, 1253 (11th Cir. 2006).

Additionally, in their brief, Petitioners do not challenge the IJ's determination that Juan Felipe's asylum application was untimely. Thus, they have abandoned this issue on appeal. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

2

"The IJ's factual determinations, including credibility determinations, are reviewed under a substantial evidence standard, which provides that the IJ's decision can be reversed only if the evidence compels a reasonable fact finder to find otherwise." *Chen v. U.S. Att'y Gen.*, 463 F.3d 1228, 1230-31 (11th Cir. 2006) (quotations omitted). "Under this highly deferential test, we affirm the IJ's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1286 (11th Cir. 2005) (quotations and alteration omitted).

"An alien who arrives in or is present in the United States may apply for asylum." *Id.* (citing 8 U.S.C. § 1158(a)(1)). "To qualify for asylum, the alien must be a 'refugee.'" *Id.* (citing 8 U.S.C. § 1158(b)(1)). A "refugee" is:

> any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

8 U.S.C. § 1101(a)(42)(A). To establish asylum eligibility, the alien must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause such future persecution. 8 C.F.R. § 208.13(a), (b).

3

"The asylum applicant must establish eligibility for asylum by offering credible, direct, and specific evidence in the record." *Forgue*, 401 F.3d at 1287 (quotations omitted). "The testimony of an applicant, if found to be credible, is alone sufficient to establish these factors. Conversely, an adverse credibility determination alone may be sufficient to support the denial of an asylum application." *Id.* (citations omitted). However, "an adverse credibility determination does not alleviate the IJ's duty to consider other evidence produced by an asylum application." *Id.* "Further, the IJ must offer specific, cogent reasons for an adverse credibility finding." *Id.* "Once an adverse credibility finding is made, the burden is on the applicant alien to show that the IJ's credibility decision was not supported by specific, cogent reasons or was not based on substantial evidence." *Id.* (quotations omitted).

"Indications of reliable testimony include consistency on direct examination, consistency with the written application, and the absence of embellishments." *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1255 (11th Cir. 2006). For example, in *Chen*, we upheld an adverse credibility determination where the IJ cited "a number of inconsistencies and discrepancies between Chen's asylum application, his credible fear interview, and his testimony at the removal hearing." 463 F.3d at 1231-32.

In the instant case, the IJ, citing several inconsistencies in the record, found Yolanda, Cesar, and Juan Felipe were not credible witnesses, and Petitioners failed

4

to present a credible claim for asylum. The IJ noted numerous inconsistencies, including: (1) the date of Cesar's alleged kidnapping, (2) the location of Cesar when he was kidnapped, (3) how many people were with Cesar when he was kidnapped, (4) the actions Petitioners took to alert the authorities of Cesar's kidnapping, (5) the timing of Yolanda taking Juan Felipe out of school, and (6) Cesar's and Juan Felipe's location of hiding before they left Colombia for the United States.

Additionally, the IJ found Yolanda's credibility was undermined by the fact she came to the United States on two occasions after the alleged kidnapping, but never requested asylum or informed immigration officials she feared persecution in Colombia. The IJ also noted Cesar testified Yolanda returned to Colombia twice because she never had any intention of remaining in the United States, a fact which undermines her subjective fear of persecution. Similarly, the IJ found the credibility of Juan Maria was undermined because he never filed an asylum application, and found the credibility of Juan Felipe undermined because he inexcusably filed an untimely asylum application and failed to inform immigration officials he feared persecution in Colombia. Further, the IJ noted Yolanda was not familiar with the name of the lieutenant who wrote the letter in the record, and the letter erroneously provided Petitioners left Colombia in 1998.

5

In sum, substantial evidence supports the IJ's adverse credibility finding, as a review of the record confirms there were numerous inconsistencies, and Petitioners cannot meet their burden of establishing the IJ failed to provide specific, cogent reasons for its ruling.[2] *Forgue*, 401 F.3d at 1287. Because the record supports the IJ's adverse credibility determination, substantial evidence also supports the IJ's denial of Petitioners' asylum applications, as they failed to offer credible evidence in support of their claims. Furthermore, there is no allegation the IJ failed to consider the documentary evidence submitted by Petitioners, as the inconsistencies identified by the IJ were based on both the record, in particular, the asylum applications and Yolanda's narrative, and the testimony at the hearing. *See id.*

Because substantial evidence supports the IJ's adverse credibility determination and the denial of Petitioners' applications for asylum we need not consider the IJ's alternative finding with respect to nexus and particular social group. Further, because Petitioners failed to establish a claim for asylum on the merits, they also necessarily failed to establish eligibility for withholding of removal. *See id.* at 1288 n.4. Accordingly, we deny the petition.

**PETITION DENIED.**

---

[2] The only inconsistency identified by the IJ not supported by the record was the finding the record did not contain any evidence Cesar attended military school.

6