[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-11616
Non-Argument Calendar

_____

Agency No. A95-242-230

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 7, 2009
THOMAS K. KAHN
CLERK

JEAN HERBERT JOSEPH,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(January 7, 2009)

Before ANDERSON, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Jean Herbert Joseph petitions this Court for review of the decision of the

Board of Immigration Appeals that denied his applications for asylum and withholding of removal under the Immigration and Nationality Act and the United Nations Convention Against Torture and other Cruel, Inhuman, or Degrading Treatment or Punishment. 8 U.S.C. §§ 1158, 1231; 8 C.F.R. § 208.16(b), (c). Both the Board of Immigration Appeals and immigration judge denied Joseph's applications based on a finding that Joseph was not credible. We deny the petition.

We review credibility determinations under the substantial evidence test. Chen v. U.S. Att'y Gen., 463 F.3d 1228, 1230–31 (11th Cir. 2006). Adverse credibility findings will be reversed "'only if the evidence "compels" a reasonable fact finder to find otherwise.'" Id. at 1231 (quoting Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1230 (11th Cir. 2005)). An adverse credibility determination may be based on inconsistencies, inaccuracies, and falsehoods in the applicant's oral and written statements. 8 U.S.C. § 1158(b)(1)(B)(iii).

Substantial evidence supports the finding that Joseph was not credible, see Al Najjar v. Ashcroft, 257 F.3d 1262, 1283–84 (11th Cir. 2001), and the immigration judge and Board provided specific and cogent reasons to support that finding. Chen, 463 F.3d at 1231. There were several inconsistencies between Joseph's application for asylum and his testimony. Joseph omitted from his original application for asylum that he fled Haiti after he was severely beaten with bats and a razor-tailed whip. Joseph wrote in his application that he was "very

2

unpopular" with supporters of the Mochrena party in Haiti, but Joseph testified at his removal hearing that he was popular among supporters of the party. Joseph also made inconsistent statements at his removal hearing regarding the failure of his wife to testify on his behalf and the location of a letter allegedly written by his employer that had warned Joseph to leave Haiti. Joseph offers no explanation for his inconsistencies that would "'compel' a reasonable fact finder" to reverse the adverse credibility finding and conclude that he established eligibility for asylum and withholding of removal. Id.

Joseph's petition for review is **DENIED**.

**PETITION DENIED.**