[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 27, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-12227
Non-Argument Calendar
_____

Agency No. A78-438-545

FEN ZHU,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(January 27, 2009)**

Before ANDERSON, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Fen Zhu, a native and citizen of China, through counsel, seeks review of the

Board of Immigration Appeals's ("BIA's") decision denying her application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT relief"). On appeal, Zhu argues that the BIA erred in finding that she had not proven that she had suffered past persecution or had a well-founded fear of future persecution based on her political opinion. Zhu also argues that the BIA erred in finding that she was not eligible for CAT relief.

In an immigration case, we review the BIA's order, unless the BIA adopted the opinion of the immigration judge ("IJ"). *Chen v. United States Att'y Gen.*, 463 F.3d 1228, 1230 (11th Cir. 2006) (per curiam). "Insofar as the BIA adopts the IJ's reasoning, we review the IJ's decision as well." *Id.* In this case, the BIA adopted the opinion of the IJ and issued its own opinion. Therefore, we review both opinions.

## I.

We review the BIA's and IJ's factual determinations, including adverse credibility determinations, under the substantial evidence test. *Id.* at 1230-1231. "[W]e view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1029 (11th Cir. 2004) (en banc). We will only overturn an IJ's factual determinations if the record compels a conclusion to the contrary.

2

*Farquharson v. United States Att'y Gen.*, 246 F.3d 1317, 1320 (11th Cir. 2001).

An alien applying for asylum must show that she is a refugee. 8 C.F.R. § 208.13(a). An alien qualifies as a refugee if she can establish that she has suffered past persecution or has a well-founded fear of future persecution, based on a protected ground, in her country of origin. 8 C.F.R. § 208.13(b)(1) and (2). The five protected grounds are race, religion, nationality, social group, or political opinion. 8 U.S.C. § 1158(b)(1)(B)(i). Congress has provided by statute that forced abortion, forced sterilization, and other coercive population control measures are a form of political persecution:

> For purposes of determinations under this Act, a person who has been forced to abort a pregnancy or to undergo involuntary sterilization, or who has been persecuted for failure or refusal to undergo such a procedure or for other resistance to a coercive population control program, shall be deemed to have been persecuted on account of political opinion, and a person who has a well founded fear that he or she will be forced to undergo such a procedure or subject to persecution for such failure, refusal, or resistance shall be deemed to have a well founded fear of persecution on account of political opinion.

8 U.S.C. § 1101(a)(42).

An alien is entitled to withholding of removal if she can show that her life or freedom would be threatened based on one of the five protected grounds. 8 C.F.R. 208.16(b). If the alien can prove a past threat to life or freedom, there is a

rebuttable presumption that the alien's life or freedom would be threatened in the future. 8 C.F.R. § 208.16(b)(1). An alien who is unable to meet her burden of proof for asylum is also necessarily unable to meet the higher standard for withholding of removal. *Djonda v. United States Att'y Gen.*, 514 F.3d 1168, 1177 (11th Cir. 2008).

The IJ or the BIA must make an explicit determination that an applicant's testimony was not credible. *De Santamaria v. United States Att'y Gen.*, 525 F.3d 999, 1011 n. 10 (11th Cir. 2008). "Once an adverse credibility finding is made, the burden is on the applicant alien to show that the IJ's credibility decision was not supported by specific, cogent reasons or was not based on substantial evidence." *Forgue v. United States Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005) (internal quotation marks omitted). This standard of review is deferential. We do not substitute our own judgment for that of the IJ. *D-Muhumed v. United States Att'y Gen.*, 388 F.3d 814, 818 (11th Cir. 2004).

Credible testimony may be sufficient to support an applicant's asylum claim, even if the applicant did not present any corroborating evidence. 8 C.F.R. § 208.13(a). "The weaker an applicant's testimony, however, the greater the need for corroborative evidence." *Yang v. United States Att'y Gen.*, 418 F.3d 1198, 1201 (11th Cir. 2005). An adverse credibility determination alone may lead to

denial of an asylum application if the applicant produces no evidence other than her testimony. *Forgue*, 401 F.3d at 1287. Nevertheless, if the record contains other evidence, the IJ must address that evidence as well. *Id.*

Here, Zhu alleges that she was forced to undergo two abortions while living in China and that she narrowly avoided a forced sterilization by moving to another part of China. However, the IJ found that her testimony was not credible. Most notably, the IJ relied on the fact that Zhu did not mention her alleged second, late term abortion in either her airport interview or her credible fear interview. Additionally, the IJ did not find Zhu's corroborating evidence credible. Zhu provided copies of her abortion certificates, but the IJ noted that these copies were not certified and that there was no evidence that doctors issued abortion certificates when they performed forced abortions. Finally, the IJ relied on the fact that Zhu's husband did not testify on her behalf, even though he was available in the United States.

Thus, the BIA and the IJ offered specific, cogent reasons to support their finding that Zhu's testimony was not credible. This finding is also supported by substantial evidence. The other evidence in the record did not independently establish that Zhu was entitled to relief. Therefore, substantial evidence supports the BIA's and IJ's finding that Zhu failed to prove that she had suffered past

5

persecution or had a well-founded fear of future persecution based on a coercive

population control policy.

## II.

To qualify for CAT relief, a petitioner must show that it is more likely than

not that he or she will be tortured if removed to the designated country of removal.

8 C.F.R. § 208.16(c)(2).  Torture is:

> [A]ny act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a confession, punishing him or her for an act he or she or a third person has committed or is suspected of having committed, or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.

8 C.F.R. § 208.18(a)(1).  An applicant who is unable to satisfy her burden of proof

with respect to asylum is generally also unable to meet the higher standard for

CAT relief.  *Zheng v. United States Att'y Gen.*, 451 F.3d 1287, 1292 (11th Cir.

2006) (per curiam).

As noted above, the IJ and BIA found that Zhu was not credible, and this

determination was based on substantial evidence.  Therefore, Zhu's testimony at

the asylum hearing cannot be used to prove her eligibility for CAT relief.  The

other documents in the record do not demonstrate that it is more likely than not that

6

Zhu would be tortured by or with the acquiescence of Chinese officials. Therefore, substantial evidence supports the BIA's and IJ's finding that Zhu was not entitled to CAT relief.

## CONCLUSION

Upon review of the administrative record and the parties' briefs, we find no reversible error. Accordingly, we deny Zhu's petition for review.

**PETITION DENIED.**