[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 22, 2009
THOMAS K. KAHN
CLERK

No. 08-12188
Non-Argument Calendar

_____

Agency No. A97-658-432

FENGJUN YE,
a.k.a. Feng Jun Ye,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(May 22, 2009)

Before MARCUS, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Fengjun Ye petitions for review of the denial of his application for asylum and withholding of removal under the Immigration and Nationality Act and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, and Degrading Treatment or Punishment. INA § 241(b)(3), 8 U.S.C. § 1231(b)(3); 8 C.F.R. § 208.16(c). Both the Board of Immigration Appeals and the immigration judge found Ye not credible. We deny the petition.

We review credibility determinations under the substantial evidence test. Chen v. U.S. Att'y Gen., 463 F.3d 1228, 1230–31 (11th Cir. 2006) (per curiam). Adverse credibility findings will be reversed "'only if the evidence "compels" a reasonable fact finder to find otherwise.'" Id. at 1231 (quoting Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1230 (11th Cir. 2005)). An adverse credibility determination may be based on inconsistencies, inaccuracies, and falsehoods in the applicant's oral and written statements. 8 U.S.C. § 1158(b)(1)(B)(iii).

Substantial evidence supports the finding that Ye was not credible, see Al Najjar v. Ashcroft, 257 F.3d 1262, 1283–84 (11th Cir. 2001), and the immigration judge and Board provided specific and cogent reasons to support that finding. Chen, 463 F.3d at 1231. There were inconsistencies between Ye's filings and his testimony. Ye alleged in his application that he placed flyers promoting Falun Gong in mailboxes to avoid detection by officials, but he later testified that he distributed the flyers on a public street. Ye's later testimony was implausible

2

because he knew that the practice of Falun Gong was illegal when he allegedly distributed the flyers. Ye also testified that the scars on his hands were caused by cigarette burns inflicted during his interrogation by Chinese officials, but the medical report Ye submitted stated that he had been "burned by flame." When the immigration judge mentioned that Ye's scars resembled cooking injuries, Ye acknowledged that he had received some of the burns while cooking. The record does not "'compel' a reasonable fact finder" to reverse the adverse credibility finding and conclude that Ye established eligibility for asylum and withholding of removal. Id.

Ye's petition for review is **DENIED**.