[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15672
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 6, 2009
THOMAS K. KAHN
CLERK

Agency Nos. A097-194-573, A097-194-574

YONEL FERNANDO FERNANDEZ,
NANCY GUADALUPE FERNANDEZ,
YONEL ANDRE FERNANDEZ,
IVONNE ASHTON FERNANDEZ,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(July 6, 2009)

Before CARNES, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Yonel Fernando Fernandez, his wife Nancy Guadalupe Fernandez, and their two children, Yonel Andre Fernandez and Invonne Ashton Fernandez, are natives and citizens of Peru. They seek review of the Board of Immigration Appeal's order affirming the denial of their claims for asylum, withholding of removal and relief under the United Nations Convention Against Torture (CAT).[1] The IJ initially granted Fernandez's asylum claim, but later reopened the proceedings after the government showed that Peruvian police reports that Fernandez had submitted were fraudulent. Based on that new evidence, the IJ made an adverse credibility determination against Fernandez, reversed its earlier decision, and denied Fernandez's claims for relief. The BIA affirmed.

We review the BIA's decision and any portion of IJ's decision that the BIA expressly adopts. See Chen v. United States Att'y Gen, 463 F.3d 1228, 1230 (11th Cir. 2006). Here the BIA's order expressly adopted the IJ's decision as a whole, and so we will review the IJ's decision as if it were the BIA's. Id. The IJ's factual determinations are reviewed under the highly deferential "substantial evidence" test. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Under the substantial evidence test, we must affirm the agency's decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a

---

[1] For convenience, we will refer to the petitioners collectively as "Fernandez," unless context requires otherwise.

2

whole." Id. at 818. The agency's factual findings are conclusive "unless a reasonable factfinder would be compelled to conclude to the contrary." Yang v. United States, 418 F.3d 1198, 1201 (11th Cir. 2005). An adverse credibility determination is a finding of fact evaluated under the substantial evidence test. See D-Muhumed v. United States Att'y Gen, 388 F.3d 814, 818–19 (11th Cir. 2004). "Once an adverse credibility finding is made, the burden is on the applicant alien to show that the IJ's credibility decision was not supported by 'specific, cogent reasons' or was not based on substantial evidence." Forgue v. United States Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005).

Fernandez contends that the IJ's adverse credibility finding was improper. We disagree because the IJ supported its adverse credibility finding with "specific, cogent reasons." Id. Specifically, the IJ based its adverse credibility determination after determining that Fernandez had submitted fraudulent documents, purporting to be Peruvian police reports, to support his alleged persecution. The record supports that finding, most notably with the fact that a commander of the Peruvian National Police stated that the reports were not authentic. He noted, for example, that the officers named in the purported reports were not members of the police department during the relevant years and that the seals on the reports were not the official seals used by the police department. That is substantial evidence to support an adverse credibility determination.

3

Fernandez argues that the IJ did not submit the police reports for forensic testing. He adds that he was never convicted of fraud and that the IJ found his testimony credible at the initial asylum hearing. Those arguments are unpersuasive. It is Fernandez's burden "to show that the IJ's credibility decision was not supported by 'specific, cogent reasons' or was not based on substantial evidence," Forgue, 401 F.3d at 1287. He has not done that. The IJ considered the all of the evidence submitted by Fernandez and found that his use of the fraudulent police reports fatally undermined his claims for relief. In light of the IJ's adverse credibility finding, substantial evidence supports the denial of Fernandez's claim for asylum. See id. at 1287–88.

Fernandez has abandoned his additional claims for withholding of removal and CAT relief by not arguing them on appeal. See Sepulveda v. United States Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

**PETITION DENIED.**