[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 8, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-10745
Non-Argument Calendar

_____

BIA No. A98-940-171

WEI CHEN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(September 8, 2006)**

Before BLACK, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Wei Chen, a native and citizen of China, petitions for review of the Board of Immigration Appeals' (BIA) order affirming an Immigration Judge's (IJ) decision denying his application for asylum and withholding of removal under the Immigration and Nationality Act (INA), 8 U.S.C. §§ 1158, 1231(b)(3), as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009 (1996) (amended by the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 302 (2005)).[1]  After review, we deny Chen's petition.

## I. BACKGROUND

Chen, a native and citizen of China, entered the United States on June 4, 2005, without a valid entry document.  The Department of Homeland Security (DHS) issued Chen a Notice to Appear on June 8, 2005, charging him as an alien removable under 8 U.S.C. § 1182(a)(7)(A)(i)(I) for failure to possess a valid entry document at the time he applied for admission.  Chen conceded his removability, but, on July 12, 2005, he applied for asylum and withholding of removal, alleging

_____

[1] Because Chen's removal and asylum proceedings commenced after April 1, 1997, the permanent provisions of IIRIRA govern his petition for review.  The IJ also denied Chen's application for relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), 8 C.F.R. § 208.16(c).  On appeal, Chen does not raise any challenge to the denial of relief under the CAT.  Consequently, he has abandoned that claim. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

past persecution and a well-founded fear of future persecution on account of his involvement with the religious practice of Falun Gong.

Chen's testimony at his removal hearing can be briefly summarized as follows. Chen testified that he owned an internet bar and video rental store in China. As he was familiar with computers, Chen said he began downloading information on Falun Gong to CDs, which he then distributed to members of his community. Chen testified that in January 2005, police officers came to his video rental store and arrested him. The officers took him to a small place, where he was detained and beaten for four days. Chen claimed he was released only when his parents paid the police to free him. Following his release, Chen went into hiding in the mountains, surviving on food and water from his parents. He testified that during this time, he approached several timber workers and asked them to inform his family of his whereabouts. Eventually, Chen was smuggled out of China to Holland, Peru, and then the United States. When he entered this country in Miami, Florida, Chen provided no identification to DHS officials. Chen testified that he has not practiced Falun Gong since his arrival in the United States.

After summarizing Chen's testimony at length, as well as the five exhibits he proffered,[2] the IJ denied all relief, concluding "[Chen] is not a credible witness."

---

[2] Chen offered his Notice to Appear, his asylum application, the 2004 U.S. Department of State Country Report for China, notes from his credible fear interview, and identification documents as exhibits.

The IJ referred to a number of inconsistencies and discrepancies between Chen's asylum application, his credible fear interview, and his testimony at the removal hearing. In addition, the IJ recounted a number of implausibilities in Chen's narrative. The IJ also noted Chen's evasiveness and lack of candor when confronted with these inconsistencies, discrepancies, and implausibilities.

Chen appealed the IJ's decision to the BIA. The BIA, however, dismissed Chen's appeal, holding "[t]he [IJ] provided a reasoned basis for finding [Chen] was incredible" and emphasizing the implausible aspects of Chen's story. Chen then petitioned this Court for review of the IJ's and BIA's decisions.

## II. DISCUSSION

Where the BIA issues a decision, we review that decision, except to the extent that it expressly adopts the IJ's opinion. *See Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). Insofar as the BIA adopts the IJ's reasoning, we review the IJ's decision as well. *See Prado-Gonzalez v. INS*, 75 F.3d 631, 632 (11th Cir. 1996). In this case, the BIA issued a decision in which it adopted the IJ's reasoning regarding Chen's credibility without making additional findings. We therefore review the IJ's decision as if it were the BIA's. *See Al Najjar*, 257 F.3d at 1284.

The IJ's factual determinations, including credibility determinations, are reviewed under a substantial evidence standard, which provides that "the IJ's

4

decision can be reversed only if the evidence 'compels' a reasonable fact finder to find otherwise." *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1230 (11th Cir. 2005) (citations omitted); *see also D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 818 (11th Cir. 2004) (noting "[c]redibility determinations are likewise reviewed under the substantial evidence test").

To be eligible for asylum, the applicant bears the burden of proving statutory "refugee" status. *See* 8 U.S.C. § 1101(a)(42)(A); 8 C.F.R. § 208.13(a). That is, the alien must, with specific and credible evidence, establish (1) past persecution on account of race, religion, nationality, membership in a particular social group, or political opinion; or (2) a well-founded fear of future persecution on account of a statutorily-protected ground. *See* 8 C.F.R. § 208.13(b).

If an alien's testimony is credible, it may be sufficient, without corroboration, to satisfy his burden of proof in establishing his eligibility for relief from removal. *See Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005); 8 C.F.R. §§ 208.13(a), 208.16(b). An IJ's denial of asylum relief, however, can be supported solely by an adverse credibility determination, especially if the alien fails to produce corroborating evidence. *See Forgue*, 401 F.3d at 1287. If the IJ explicitly determines that the alien lacks credibility, the IJ must offer specific, cogent reasons for the finding. *Id.* The burden then shifts to the alien to show that

the IJ's credibility decision was not supported by "specific, cogent reasons" or was not based on substantial evidence. *Id.*

In the REAL ID Act of 2005, Congress amended the law regarding credibility determinations for applications for asylum and withholding of removal filed after May 11, 2005.[3]  *See* Pub. L. No. 109-13, 119 Stat. 302, § 101(h)(2).  As 8 U.S.C. § 1158(b)(1)(B)(iii) now reads:

> Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal inconsistency of each such statement, the consistency of such statements with other evidence of record (including the reports of the Department of State on country conditions), and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor.  There is no presumption of credibility, however, if no adverse credibility determination is explicitly made, the applicant or witness shall have a rebuttal presumption of credibility on appeal.

In this case, the IJ denied relief based on an express finding that "[Chen] is not a credible witness, and he has failed to provide any evidence to support his

---

[3] Because Chen's application for asylum and withholding of removal was filed on July 12, 2005, the amendment effected by the REAL ID Act of 2005 applies in this case.

claim."[4]  The IJ provided specific, cogent reasons for the adverse credibility determination, citing a number of inconsistencies and discrepancies between Chen's asylum application, his credible fear interview, and his testimony at the removal hearing.  The IJ specifically referred to (1) a discrepancy between Chen's testimony at his removal hearing and credible fear interview about the number of people with whom he practiced Falun Gong; (2) an inconsistency between Chen's asylum application and his testimony at the removal hearing as to whether he practiced Falun Gong with family members; (3) a discrepancy between Chen's asylum application and his testimony at the removal hearing as to the date he opened his internet bar; (4) a discrepancy between Chen's asylum application and his testimony at the removal hearing as to the length of time he owned the video rental store; (5) an inconsistency between Chen's testimony at the removal hearing and his credible fear interview about where he downloaded Falun Gong materials, namely whether it was at his store or at various homes; (6) a discrepancy of one day between Chen's asylum application, his credible fear interview, and his testimony at the removal hearing as to the date he was arrested; (7) an

_____

[4] In his brief, Chen argues the merits of his claims for asylum and withholding of removal.  The IJ, however, did not reach the merits of Chen's application, instead limiting his discussion to Chen's credibility.  As a result, we are confined to reviewing the IJ's adverse credibility determination.  *See Gonzales v. Thomas*, ___ U.S. ___, ___, 126 S. Ct. 1613, 1615 (2006) (holding federal courts are not entitled to pass judgment on issues the agency did not address).

7

inconsistency between Chen's asylum application, his credible fear interview, and his testimony at the removal hearing as to whether the authorities seized Falun Gong CDs from his store at the time of the arrest; (8) an inconsistency between Chen's asylum application and his testimony at the removal hearing as to whether his parents bribed authorities or paid bail for Chen's release from prison; (9) an inconsistency between Chen's asylum application, his credible fear interview, and his testimony at the removal hearing about whether Chen confessed, while he was in custody, to practicing Falun Gong or distributing Falun Gong CDs; and (10) an inconsistency in Chen's testimony at the removal hearing as to whether he lacked identification documents at the time of his entry into the United States, or whether he had such documentation, refused to give it to the DHS, and mailed it to his uncle. The IJ also noted Chen has not practiced Falun Gong after he arrived in the United States.

The IJ found that when confronted with these inconsistencies, "[Chen] was very evasive. He lacked candor in that even on direct examination he was vague." The IJ also referred to several implausibilities in Chen's narrative. First, Chen could not explain why his mother was not arrested, if, as Chen testified, his mother was involved in Falun Gong, he used his parents' computer to download Falun Gong materials, and Falun Gong CDs were seized at his parents' house. Second, the IJ found implausible Chen's fear of another arrest because (1) the authorities

8

released him; and (2) despite a purported fear of being caught, Chen approached several strangers in the mountains and told them where he was hiding. "[Chen's] testimony simply is inherently implausible," the IJ found, "and can not absent a great deal of evidence support a claim to asylum."

Because the IJ made an explicit adverse credibility determination, the burden shifts to Chen to show the credibility finding is not supported by "specific, cogent reasons" or was not based on substantial evidence. *See Forgue*, 401 F.3d at 1287. To reiterate, "[a] credibility determination, like any fact finding, may not be overturned unless the record compels it." *Id.* (quotation omitted). Chen does not argue the IJ's finding was not supported by "specific, cogent reasons"; rather, he asserts the finding is not supported by substantial evidence and, therefore, the record compels a reversal of the IJ's credibility determination. More specifically, Chen characterizes the aforementioned inconsistencies and discrepancies as "trivial" and "irrelevant to the dispositive issues," and provides explanations for the implausible aspects of his claim.

We hold the IJ's specific, cogent reasons for making the adverse credibility determination are supported by substantial evidence, and nothing in the record would compel a reasonable fact finder to reverse the IJ's finding. First, to the extent Chen argues the inconsistencies and discrepancies are "trivial" and "irrelevant to the dispositive issues," he ignores the amendment to 8 U.S.C.

9

§ 1158(b)(1)(B)(iii), applicable in this case, which provides that in considering the totality of the circumstances, the "trier of fact may base a credibility determination on . . . any inaccuracies or falsehoods in [the applicant's] statements, *without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor*" (emphasis added). Second, while Chen's explanations of the implausible aspects of his claim are tenable, we cannot say, especially given the relative lack of corroborating evidence, that these explanations would compel a reasonable fact finder to reverse the IJ's credibility determination. On this record, therefore, substantial evidence supports the IJ's conclusion that Chen was not credible. Accordingly, we deny Chen's petition for review.

**PETITION DENIED**.