[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 27, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-13613
Non-Argument Calendar

_____

Agency Nos. A98-878-590
A98-878-591

YACKCER ADRIAN OJEDA GONZALEZ,
EMILSEN DEL CARMEN PERNIA MOLINA,
DARLING CAROLINA PERNIA MOLINA,
JACKSSEL ADRIAN OJEDA PERNIA,
KEIBER JESUS OJEDA PERNIA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(January 27, 2009)

Before BLACK, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Through counsel, Yackcer Adrian Ojeda Gonzalez ("Ojeda"), his wife, Emilsen del Carmen Pernia Molina, and their children, Darling Carolina Pernia Molina, Jackssel Adrian Ojeda Pernia, and Keiber Jesus Ojeda Pernia (collectively "petitioners"), seek review of the Board of Immigration Appeals' (BIA) decision affirming the Immigration Judge's (IJ) order denying their application for asylum, withholding of removal, and CAT relief. They have abandoned their CAT claim by failing to argue the issue on appeal and have withdrawn their asylum claim.

On appeal, the petitioners argue that the BIA erred when it affirmed the IJ's finding that Ojeda was not credible based on two minor omissions that the BIA incorrectly considered "substantial." Additionally, the petitioners assert that they were not required to produce corroborating evidence and argue that the BIA applied the wrong standard when it improperly failed to consider their claim for withholding of removal after they withdrew their asylum application.

"We review only the [BIA's] decision, except to the extent that it expressly adopts the IJ's opinion. Insofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well." *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001) (citations omitted). In the instant case, the BIA issued its own opinion

2

with analysis and also adopted some of the IJ's reasoning. Therefore, we review the decisions of both the IJ and the BIA.

"To the extent that the [IJ's and the] BIA's decision[s] were based on a legal determination, . . . review is *de novo*. *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 817 (11th Cir. 2004). Factual determinations, including credibility, are reviewed under the substantial-evidence test, which requires that a decision be reversed only if the evidence compels a reasonable fact-finder to find otherwise. *Chen v. U.S. Att'y Gen.*, 463 F.3d 1228, 1230-31 (11th Cir. 2006) (per curiam). Under this test, we "must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *D-Muhumed*, 388 F.3d at 818 (quotation omitted). Furthermore, we are required to "view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc).

An alien who arrives in or is present in the United States may apply for asylum. 8 U.S.C. § 1158(a)(1). The Attorney General or Secretary of the Department of Homeland Security has discretion to grant asylum if the alien meets the INA's definition of a "refugee." 8 U.S.C. § 1158(b)(1). A "refugee" is:

> [a]ny person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is

3

unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. . . .

8 U.S.C. § 1101(a)(42)(A). The asylum applicant carries the burden of proving statutory "refugee" status. 8 C.F.R. § 208.13(a); *Al Najjar*, 257 F.3d at 1284. To establish eligibility, the alien must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or (2) a well-founded fear that the statutorily listed factor will cause future persecution. 8 C.F.R. § 208.13(a) and (b); *Al Najjar,* 257 F.3d at 1287.

An alien is entitled to withholding of removal to a particular country if he can show that his "life or freedom would be threatened in that country because of [his] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). "The alien bears the burden of demonstrating that it is 'more likely than not' [that he] will be persecuted or tortured upon being returned to [his] country. *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1232 (11th Cir. 2005) (per curiam). "This is a more stringent standard than for asylum." *Id.* Thus, where a petitioner fails to establish eligibility for asylum, he likewise fails to establish entitlement to withholding of removal. *Silva v. U.S. Att'y Gen.*, 448 F.3d 1229, 1243 (11th Cir. 2006).

Credibility determinations for purposes of withholding of removal are governed by 8 U.S.C. § 1158:

> The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee. In determining whether the applicant has met the applicant's burden, the trier of fact may weigh the credible testimony along with other evidence of record. Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence.

8 U.S.C. § 1158(b)(1)(B)(ii). "Indications of reliable testimony include consistency on direct examination, consistency with the written application, and the absence of embellishments." *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1255 (11th Cir. 2006) (per curiam). Omissions are a proper consideration when evaluating an applicant's credibility. *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287-88 (11th Cir. 2005). Furthermore, the IJ is expressly permitted to make adverse credibility determinations based on "the totality of the circumstances, and all relevant factors," even if the inconsistencies or omissions at issue do not go to the heart of the claim. 8 U.S.C. § 1158(b)(1)(B)(iii).

Here, the BIA and IJ concluded that Ojeda was not credible, and their determinations were supported by substantial evidence. The IJ found inconsistencies in Ojeda's testimony about the threats he received and about the

5

Bolvarian Circle's attack in 2001. The IJ also found that there was insufficient evidence to support Ojeda's claims that he was threatened because of his political activities, rather than because he filed a lawsuit against the government. Furthermore, because there were inconsistencies between Ojeda's testimony and the affidavits provided by his family members, Ojeda did not produce credible corroborating evidence.

Viewing the record in the light most favorable to the agency's decision, substantial evidence supports the BIA's and IJ's finding that Ojeda was not credible and not eligible for withholding of removal. The BIA and IJ properly determined that the petitioners did not establish their eligibility for withholding of removal by concluding that they did not meet even the less stringent test for asylum.

## CONCLUSION

Upon review of the record and consideration of the parties' briefs, we discern no reversible error. Accordingly, we deny the petitioners' petition for review.

**PETITION DENIED.**