[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 4, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-11001
Non-Argument Calendar

_____

Agency No. A099-551-195

MARIA VICTORIA MELO-RUEDA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(September 4, 2009)

Before BIRCH, CARNES, and HULL, Circuit Judges.

PER CURIAM:

Maria Victoria Melo Rueda,[1] a native and citizen of Colombia, petitions for review of the Board of Immigration Appeals' decision affirming the Immigration Judge's order denying her application for asylum and withholding of removal under the INA and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman and Degrading Treatment or Punishment (CAT), INA §§ 208, 241; 8 U.S.C. §§ 1158, 1231; 8 C.F.R. § 208.16(c).

## I.

The basis of Melo Rueda's claim traces back to when the Columbian government offered a substantial bounty for any information leading to that capture of FARC leader named Gustavo Rueda Diaz. Melo Rueda's alleges that, in an unfortunate coincidence, her uncle is also named Gustavo Rueda Diaz. She argues that she is eligible for asylum because she has been harassed and attacked by people seeking information about her uncle under the mistaken belief that he is the FARC leader. The IJ found that Melo Rueda's testimony was not credible and rejected her claims for relief. The BIA agreed.

## II.

We review the BIA's decision, except to the extent that it expressly adopts the IJ's opinion. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001).

---

[1] In the court docket, the petitioner's name is hyphenated ("Melo-Rueda"), although in her asylum application it is not. We will defer to the spelling petitioner used in her asylum application and use the unhyphenated spelling in this opinion.

2

Because the BIA adopted the IJ's reasoning on the adverse credibility finding, we review the IJ's decision as if it were the BIA's. See Chen v. United States Att'y Gen., 463 F.3d 1228, 1230 (11th Cir. 2006). We review the agency's factual determinations under the "highly deferential" substantial evidence test. Forgue v. United States Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005). Under that test, we must affirm the IJ's decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Ruiz v. United States Att'y Gen., 440 F.3d 1247, 1254-55 (11th Cir. 2006). We will reverse only when the record compels us to, and "the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Id. at 1255 (internal quotation marks omitted).

A credibility determination is a factual finding reviewed under the substantial evidence test. Id. The IJ must provide "specific, cogent reasons" to support an adverse credibility determination. Ruiz v. United States Att'y Gen., 440 F.3d 1247, 1255 (11th Cir. 2006). Additionally, when an applicant submits evidence in addition to his or her testimony, the IJ may not rely solely on an adverse credibility determination to deny relief. See id. "The weaker the applicant's testimony, however, the greater the need for corroborative evidence." Yang v. United States Att'y Gen., 418 F.3d 1198, 1201 (11th Cir. 2005).

Melo Rueda makes two arguments challenging the IJ's adverse credibility

3

determination. First, she argues that the IJ did not make an explicit finding that she was not credible. See id. (holding that the IJ must make "clean determinations of credibility) (internal quotation marks omitted). That argument fails. In the IJ's oral decision, it stated that "the Court finds that the respondent's testimony was not credible." That is a clean and explicit adverse credibility determination.

Second, Melo Rueda argues that the IJ's decision was not supported by specific, cogent reasons. That argument also fails. "Once an adverse credibility finding is made, the burden is on the applicant alien to show that the IJ's credibility decision was not supported by 'specific, cogent reasons' or was not based on substantial evidence." Ruiz, 440 F.3d at 1255. Melo Rueda has not done that. The IJ's opinion identified numerous inconsistencies between Melo Rueda's testimony and the documents contained in her application for asylum. Those inconsistencies included that 1) a medical document contradicted Melo Rueda's sworn testimony that she never had problems with her hand prior to an alleged abduction on July 12, 2002; 2) she had failed to introduce any medical evidence to support her testimony that she was injured on July 12, 2002; 3) a letter from Melo Rueda's employer stated her problems arose in 2004 or 2005, not in 2002 as she had testified. Those are specific cogent reasons that support the IJ's adverse credibility determination.

The record shows that the IJ considered all of the evidence submitted by

Melo Rueda. Some of it the IJ found incredible. Some of it, such as the letter from her employer, contradicted her claim instead of supporting it. Given the IJ's adverse credibility finding, substantial evidence supports the denial of Melo Rueda's application for asylum.

Additionally, because Melo Rueda "has failed to establish a claim of asylum on the merits, [s]he necessarily fails to establish eligibility for withholding of removal or protection under CAT." Forgue, 401 F.3d at 1288 n.4.

**PETITION DENIED.**