[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12083
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 11, 2010
JOHN LEY
CLERK

Agency Nos. A095-903-083, A095-903-082

LILIANA ROMERO,
DANIELA LOPEZ

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(June 11, 2010)

Before TJOFLAT, EDMONDSON and WILSON, Circuit Judges.

PER CURIAM:

Liliana Romero and her daughter[1], natives and citizens of Colombia, petition for review of the decision by the Board of Immigration Appeals ("BIA") that affirmed the denial of asylum and withholding of removal by the Immigration Judge ("IJ").[2]  No reversible error has been shown; we deny the petition.

We review the BIA's decision in this case and the IJ's decision to the extent that the BIA adopted the IJ's reasoning.  Chen v. U.S. Attorney Gen., 463 F.3d 1228, 1230 (11th Cir. 2006) (noting that we review the BIA's decision; but to the extent the BIA adopts the IJ's reasoning, we also review the IJ's decision).  We review legal determinations de novo.  Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001).  A factual determination that an alien is unentitled to relief "must be upheld if it is supported by substantial evidence." Mazariegos v. U.S. Attorney Gen., 241 F.3d 1320, 1323 (11th Cir. 2001).  We review the record evidence in the light most favorable to the BIA's decision; and we will not overturn a fact determination unless the record compels it.  Forgue v. U.S. Attorney Gen., 401 F.3d 1282, 1286 (11th Cir. 2005).

An alien may obtain asylum if she is a "refugee," that is, a person unable or

---

[1]Romero included her daughter as a derivative beneficiary in her asylum application; so our decision about Romero also applies to her daughter.

[2]The IJ also denied relief under the Convention Against Torture.  But on appeal, Romero offers no argument on this issue; and thus, she has abandoned it.  See Sepulveda v. U.S. Attorney Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (explaining that petitioner abandons an issue by failing to offer argument on it).

unwilling to return to her country of nationality "because of persecution or a well-founded fear of persecution on account of" a protected ground, including political opinion. 8 U.S.C. §§ 1101(a)(42)(A); 1158(a)(1), (b)(1). The asylum applicant bears the burden of proving statutory "refugee" status with specific and credible evidence. Forgue, 401 F.3d at 1287.

Romero claimed that the Revolutionary Armed Forces of Colombia ("FARC") persecuted her because of her political opinion. She alleged that her family members first had problems with the FARC: the FARC kidnapped, and later killed, one of her cousins and extorted money from her uncle. Her own problems with the FARC began when she received a letter from the FARC demanding that she pay a large sum of money as a "war tax." A later letter told Romero where to take the money; and after she did not pay, she received another letter stating that she was a FARC target. Romero decided to stay with relatives until she could leave Colombia. She later learned that, after she left Colombia, her brother had received letters from the FARC demanding that he pay Romero's obligation. Romero's brother later was shot and killed.

The IJ determined the Romero was unentitled to relief because she did not show that her problems with the FARC were on account of her political opinion. The BIA agreed with the IJ's nexus determination, noting that, based on Romero's

3

testimony and accompanying documentation, the FARC targeted her and her family because of their wealth and ability to pay the war tax. On appeal, Romero argues that she established a nexus because she testified about her activities with the Liberal Party; and it could be inferred that the FARC targeted her because her political opinions conflicted with theirs.

After review, we conclude that substantial evidence supports the determination that Romero failed to show a nexus between the facts of her case and one of the protected grounds for asylum. To prove nexus, she had to show more than simply that she had a political opinion to prove nexus. See Sepulveda, 401 F.3d at 1231 (an alien must establish a nexus between a statutorily protected ground and persecution by presenting "specific, detailed facts showing a good reason to fear that . . . she will be singled out for persecution on account of" such ground) (emphasis in original). And although Romero testified that she was an active member of the Liberal Party, nothing suggests that the FARC targeted her or her family because of their political opinions or even knew about such opinions. Instead, in the first letter she received, the FARC noted that Romero and her family owned several chain stores. None of the letters mentioned Romero's political activity. In her testimony, Romero only speculated that the FARC may have targeted her because of her political activity. Thus, based on the evidence

4

submitted by Romero and her own testimony, the FARC targeted her for economic, not political, reasons. See Rivera v. U.S. Attorney Gen., 487 F.3d 815, 822 (11th Cir. 2007) (concluding that because the FARC never accused petitioner of being a government operative or demanded that petitioner cease his political activities, the FARC's demand that petitioner pay a war tax did not compel the conclusion that the FARC targeted petitioner because of his political opinion).[3]

Substantial evidence supports the BIA's decision that Romero was unentitled to asylum; and we are not compelled to reverse the decision. Romero's failure to establish eligibility for asylum forecloses her eligibility for withholding of removal. See Forgue, 401 F.3d at 1288 n.4.

PETITION DENIED.

---

[3]We reject Romero's appellate argument that the FARC imputed a political opinion to her. Nothing suggests that the FARC based their acts on anything other than economic motivations.