[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-10514
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 7, 2010
JOHN LEY
CLERK

Agency No. A200-043-019

JESUS ROLANDO SAMAYOA-LOPEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent,

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(December 7, 2010)

Before TJOFLAT, CARNES and MARTIN, Circuit Judges.

PER CURIAM:

Jesus Rolando Samayoa-Lopez ("Samayoa-Lopez"), a native and citizen of Guatemala, seeks review of the final order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's denial of Samayoa-Lopez's request for asylum under the Immigration and Nationality Act ("INA") § 208, 8 U.S.C. § 1158(a), and withholding of removal under the INA § 241(b)(3), 8 U.S.C. § 1231(b)(3), and the United Nations Convention Against Torture ("CAT"), 8 C.F.R. § 208.16(c). The IJ determined that Samayoa-Lopez's asylum application was time-barred and that he was ineligible for asylum and withholding of removal. Samayoa contests the denial of asylum and withholding on the merits but does not contest the finding that his asylum application was time-barred. After thorough review, we dismiss the claims that Samayoa-Lopez failed to exhaust before the BIA and deny his remaining claims.

"We review only the [BIA]'s decision, except to the extent that [the BIA] expressly adopts the IJ's opinion" or reasoning. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). "Insofar as the BIA adopts the IJ's reasoning, we review the IJ's decision as well." Chen v. U.S. Att'y Gen., 463 F.3d 1228, 1230 (11th Cir. 2006). "In reviewing the BIA's finding that an alien has not established persecution on the basis of a protected ground, our review is limited to whether the BIA's decision was supported by reasonable, substantial, and probative evidence

2

on the record considered as a whole." Rodriguez Morales v. U.S. Att'y Gen., 488

F.3d 884, 890 (11th Cir. 2007) (quotation marks omitted). Factual findings,

including credibility determinations, "can be reversed only if the evidence compels

a reasonable fact finder to find otherwise." Chen, 463 F.3d at 1231 (quotation

marks omitted). This Court reviews de novo questions of law. Nreka v. U.S.

Att'y Gen., 408 F.3d 1361, 1368 (11th Cir. 2005).

I.

We find no error in the IJ's and BIA's determination that Samayoa-Lopez is

ineligible for asylum because his application was untimely when filed. Absent

"changed circumstances which materially affect the applicant's eligibility for

asylum or extraordinary circumstances relating to the delay in filing an

application," an alien's asylum application must be filed "within 1 year after the

date of the alien's arrival in the United States." 8 U.S.C. §§ 1158(a)(2)(B), (D).

Samayoa-Lopez arrived in the United States in 2002 but did not file an asylum

application until 2008. Samayoa-Lopez has not argued that changed or

extraordinary circumstances warrant an exception to the one-year filing rule.

Therefore, we deny Samayoa-Lopez's petition as to his asylum claim.

Samayoa-Lopez argues that the IJ erred in concluding that he is ineligible for withholding of removal. He argues that he has a well-founded fear that his life or freedom would be threatened upon his return to Guatemala because of the presence of guerilla gangs and his family's unpaid creditors. The INA prohibits removal to a particular country if "the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3). The burden of proof for withholding of removal is "more stringent" than the standard for asylum relief. Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1257 (11th Cir. 2006).

Substantial evidence supports the IJ's determination that Samayoa-Lopez is ineligible for withholding of removal. Samayoa-Lopez acknowledged before the IJ that he was never targeted or attacked by gangs and that he was never a member of a political group in Guatemala. Any threat that Samayoa-Lopez faces on account of his family's unpaid creditors stems from a personal dispute, not one based on a statutorily-protected ground. See INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3); Rodriguez Morales, 488 F.3d at 891. We deny Samayoa-Lopez's petition as to his claim for withholding of removal under the INA.

We lack jurisdiction to review the IJ's denial of withholding of removal under the CAT because Samayoa-Lopez did not exhaust this claim before the BIA. See Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250–51 (11th Cir. 2006).  Therefore, we dismiss Samayoa-Lopez's petition to the extent that it raises a claim for withholding of removal under the CAT.

**PETITION DISMISSED IN PART, DENIED IN PART.**