[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-14034
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 28, 2011
JOHN LEY
CLERK

Agency No. A090-347-417


YING CHEN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(March 28, 2011)

Before HULL, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Ying Chen, a native and citizen of China, petitions for review of the

decision of the Board of Immigration Appeals that affirmed an order of her removal. Chen argues that the Board erroneously found that her application for asylum was untimely and that her testimony at her removal hearing was incredible. Chen also contends that she established past persecution and a well-founded fear of future persecution. We dismiss in part and deny in part Chen's petition.

We lack jurisdiction to review the finding that Chen's application for asylum was untimely. An application for asylum must be "filed within 1 year after the date of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). An untimely application "may be considered . . . if the alien demonstrates to the satisfaction of the Attorney General either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application." Id. § 1158(a)(2)(D). Section 1158(a)(3) "divests our Court of jurisdiction to review a decision regarding whether an alien complied with the one-year time limit or established extraordinary circumstances that would excuse his untimely filing." Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003). We dismiss Chen's petition to review the finding that her application for asylum was untimely.

When the Board enters a written opinion and expressly adopts the reasoning of the immigration judge, we review the decisions of both the Board and the

2

immigration judge.  Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001).  We review the findings of the Board and the immigration judge under the substantial evidence test.  Chen v. U.S. Att'y Gen., 463 F.3d 1228, 1230–31 (11th Cir. 2006).  Under that test, we will not disturb a finding if it is "supported by reasonable, substantial, and probative evidence on the record considered as whole."  Al Najjar, 257 F.3d at 1284.  An adverse credibility determination "'can be reversed only if the evidence "compels" a reasonable fact finder to find otherwise.'"  Chen, 463 F.3d at 1231 (quoting Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1230 (11th Cir. 2005)).  An adverse credibility determination may be based on any inconsistency, regardless of whether the inconsistency goes to the heart of the claim.  Tang v. U.S. Att'y Gen., 578 F.3d 1270, 1277 (11th Cir. 2009); 8 U.S.C. § 1158(b)(1)(B)(iii).  Even when an applicant is not credible, the Board must examine all evidence in the record before denying an application.  Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005).  "The weaker an applicant's testimony . . . the greater the need for corroborative evidence."  Yang v. U.S. Att'y Gen., 418 F.3d 1198, 1201 (11th Cir. 2005).  In addition, "the burden is on the applicant alien to show that the credibility decision was not supported by 'specific, cogent reasons' or was not based on substantial evidence."  Forgue, 401 F.3d at 1287.

3

Substantial evidence supports the finding by the Board and the immigration judge that Chen's testimony was incredible. Chen initially alleged fear of forced sterilization if returned to China, but later alleged past persecution based on religion. Chen also provided inconsistent evidence about her religion and contradictory explanations about the inconsistency. Chen failed to mention in either her first application or asylum interview her alleged earlier arrest, detention, and beating in China, and Chen implausibly alleged that she resided in Orlando while her three children resided in New York. The Board and the immigration judge provided specific and cogent reasons for finding Chen's testimony incredible.

Chen's remaining evidence does not compel a finding of past persecution or a well-founded fear of future persecution. The Board and the immigration judge reviewed Chen's remaining evidence and reasonably explained that Chen failed to offer authentic documentary evidence or credible testimony that she will likely be singled out for persecution if returned to China. We deny Chen's petition to review the denial of her application for withholding of removal.

**PETITION DISMISSED in part, DENIED in part.**