[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12045
Non-Argument Calendar
_____

Agency No. A206-188-751

HUI FANG LIN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(December 24, 2014)

Before MARCUS, WILSON and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Hui Fang Lin seeks review of the Board of Immigration Appeals's (BIA)

final order affirming the Immigration Judge's (IJ) denial of her application for

asylum and withholding of removal under the Immigration and Nationality Act (INA), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment (CAT). Lin argues that the IJ did not make a clean finding that she was not credible and that substantial evidence does not support an adverse-credibility determination.

We review the BIA's decision as the final agency decision, except to the extent that the BIA expressly adopts the IJ's decision. *Ruiz v. Gonzales*, 479 F.3d 762, 765 (11th Cir. 2007). When the BIA explicitly agrees with the findings of the IJ, we will review the decision of both the BIA and the IJ as to those issues. *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 948 (11th Cir. 2010). Because the BIA issued its own opinion in this case, we review the BIA's opinion. *See Gonzalez*, 479 F.3d at 765. However, because the BIA explicitly agreed with several findings of the IJ, we review the decisions of both the BIA and the IJ as to those issues. *See Ayala*, 605 F.3d at 948.

We are without jurisdiction to review a final order of removal if a petitioner fails to exhaust all available administrative remedies. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006) (per curiam); 8 U.S.C. § 1252(d)(1). Accordingly, if the petitioner failed to raise her claim before the BIA, we cannot consider the claim. *Amaya-Artunduaga*, 463 F.3d at 1250.

We review factual determinations, which include credibility determinations, under the substantial-evidence test. *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1254–55 (11th Cir. 2006) (per curiam). "[W]e must affirm the . . . decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* (internal quotation marks omitted). "[W]e review the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Id.* at 1255 (internal quotation marks omitted). Accordingly, in order for us to conclude that a finding of fact should be reversed, we must determine that the record compels reversal. *Id.*

An applicant for asylum must meet the INA's definition of a refugee. 8 U.S.C. § 1158(b)(1)(A). The INA defines a refugee as:

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

*Id.* § 1101(a)(42)(A). Thus, in order to meet the definition of a refugee, the applicant must, "with specific and credible evidence, demonstrate (1) past persecution on account of a statutorily listed factor, or (2) a well-founded fear that the statutorily listed factor will cause future persecution." *Ruiz*, 440 F.3d at 1257 (internal quotation marks omitted).

3

The criteria for establishing eligibility for withholding of removal is substantially the same as, but more stringent than, that for asylum. *See Tan v. U.S. Att'y Gen.*, 446 F.3d 1369, 1375 (11th Cir. 2006) (describing the standard for withholding of removal). The functional difference is that an alien seeking withholding of removal must demonstrate a "more likely than not" probability of future persecution rather than the "reasonable possibility" required for asylum. *See id.*; *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1231–32 (11th Cir. 2005) (per curiam). Consequently, an alien generally cannot qualify for withholding of removal if he is unable to meet the lower standard of proof for asylum. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1292–93 (11th Cir. 2001).

"To establish eligibility for CAT relief, an applicant must show that it is more likely than not that he will be tortured by, or with the acquiescence of, government officials if returned to the designated country of removal." *Todorovic v. U.S. Att'y Gen.*, 621 F.3d 1318, 1324 (11th Cir. 2010); 8 C.F.R. § 208.16(c)(2).

An applicant's testimony, if credible, may be sufficient to sustain his burden of proof, without corroborating evidence. *Ruiz*, 440 F.3d at 1255. Conversely, if the applicant relies solely on his testimony, an adverse-credibility determination may alone be sufficient to support the denial of an application. *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005). When the IJ makes an adverse-credibility finding, the applicant must demonstrate the decision was not

4

supported by "specific, cogent reasons" or was not based on substantial evidence. *Ruiz*, 440 F.3d at 1255 (internal quotation marks omitted). Also, the IJ "must make clean determinations of credibility." *Yang v. U.S. Att'y Gen.*, 418 F.3d 1198, 1201 (11th Cir. 2005) (internal quotation marks omitted).

Pursuant to the REAL ID Act of 2005, Pub. L. No. 109-13 § 101, 119 Stat. 302, for applications filed after May 11, 2005, a credibility determination may be based on the totality of the circumstances, including: (1) the demeanor, candor, and responsiveness of the applicant; (2) the plausibility of the applicant's account; (3) the consistency between the applicant's written and oral statements; (4) the internal consistency of each statement; and (5) the consistency of the applicant's statements with other record evidence, including country reports. 8 U.S.C. § 1158(b)(1)(B)(iii). Moreover, an adverse-credibility determination may be based on inconsistencies, inaccuracies, or falsehoods, regardless of whether they relate to the heart of an applicant's claim. *Id*. Even a tenable explanation for the falsehood or inconsistency may not compel us to reverse, taking into account the record as a whole. *Chen v. U.S. Att'y Gen.*, 463 F.3d 1228, 1232–33 (11th Cir. 2006) (per curiam); *see also Xia v. U.S. Att'y Gen.*, 608 F.3d 1233, 1240–41 (11th Cir. 2010) (holding that an adverse-credibility determination was supported where the applicant's testimony included at least one internal inconsistency and one omission).

5

In the context of airport interviews, we have cautioned that an IJ should not exclusively focus on interview omissions, keeping in mind that the alien is not represented by counsel and may be intimidated by official questioning. *Tang v. U.S. Att'y Gen.*, 578 F.3d 1270, 1279 (11th Cir. 2009). Nonetheless, we have drawn a distinction between hearing testimony that merely elaborates upon the earlier interview, and that which "'actually contradicts'" and "'cannot be squared with'" that interview. *Shkambi v. U.S. Att'y Gen.*, 584 F.3d 1041, 1050 (11th Cir. 2009) (per curiam) (quoting *Tang*, 578 F.3d at 1280). Thus, we upheld reliance on inconsistencies between an applicant's hearing testimony and his earlier statements during airport and credible-fear interviews where the applicant did not merely give a less detailed version of the facts in the interview, but omitted entire incidents and other significant facts as well as directly contradicted his later testimony. *See id*. at 1050–51.

A motion to reopen filed with the BIA shall not be granted unless the BIA determines that the evidence sought to be offered is material and was not available at the former hearing. 8 C.F.R. § 1003.2(c)(1). Also, a motion to reopen filed while an appeal is pending before the BIA may be deemed a motion to remand for further proceedings before the IJ. *Id.* § 1003.2(c)(4).

As a preliminary matter, Lin failed to exhaust her argument that the IJ did not make a clean and explicit adverse-credibility finding because she did not make

6

that argument before the BIA, and, in fact, explicitly challenged the IJ's adverse-credibility finding. *See Amaya-Artunduaga*, 463 F.3d at 1250. As for the IJ's and the BIA's adverse-credibility finding, it was supported by specific, cogent reasons and substantial evidence in the record, including Lin's inconsistent testimony about how she entered the United States, the number of arrests and the length of her detentions, whether her family paid for her release from both detentions or only the second one, and the implausibility as to her explanation concerning why she only mentioned the November 2012 arrest during her credible-fear interview but stated that she was detained for 15 days. Lin maintains that these are merely omissions upon which she later elaborated, not inconsistencies. *See Tang*, 578 F.3d at 1279. However, the direct inconsistencies generally "cannot be squared with" one another, and the omissions leave out significant facts. *See Shkambi*, 584 F.3d at 1050. We therefore cannot say that it was clear error to find Lin's testimony incredible based on them. *See id.* Finally, the BIA did not engage in impermissible factfinding regarding the inconsistencies in Lin's explanation for her missing passport because the IJ made specific findings regarding the passport.

Accordingly, upon review of the entire record on appeal, and after consideration of the parties' briefs, we deny the petition.

**PETITION DENIED.**

7