[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10271
Non-Argument Calendar
_____

Agency No. A206-677-626

MARIA CASTRO FLORES,

Petitioner,

versus

UNITED STATES ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(September 23, 2019)

Before WILSON, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Maria Castro Flores, proceeding *pro se*, seeks review of the Board of Immigration Appeals' ("BIA") final order affirming the Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").  On appeal, Flores argues that, while she cannot establish that she suffered past persecution or that she has a well-founded fear of future persecution based on any of the statutory grounds for asylum, she presented a credible claim for protection under CAT.

We review only the decision of the BIA, except to the extent that the BIA expressly adopts the IJ's decision.  *Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001).  Where instead the BIA agrees with the IJ's reasoning, we will also review the IJ's decision only to the extent of the agreement.  *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 947-48 (11th Cir. 2010).  Additionally, any arguments not raised on an appeal from the BIA's order are deemed abandoned.  *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

A CAT determination is a mixed question of law and fact.  *See Cole v. U.S. Att'y. Gen.*, 712 F.3d 517, 532-33 (11th Cir. 2013).  The question of whether the undisputed facts from the administrative record constitute "torture" is a legal determination, while all other questions in the CAT context are factual ones.  *See id.*  We review questions of law *de novo*.  *Id.* at 523.  We review factual determinations under the substantial-evidence test, which requires affirmance of

2

the agency's decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1254-55 (11th Cir. 2006) (quotation marks omitted).

"In making out a claim under CAT, the burden of proof is on the applicant to establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." *Najjar*, 257 F.3d at 1303 (quotation marks, brackets, and ellipsis omitted). To constitute torture, an act must be specifically intended to inflict severe physical or mental pain or suffering. 8 C.F.R. § 208.18(a)(5). Additionally, the alien must demonstrate a likelihood that she will be tortured with the acquiescence of the government, "meaning that the government was aware of the torture, yet breached its responsibility to intervene." *Rodriguez Morales v. U.S. Att'y Gen.*, 488 F.3d 884, 891 (11th Cir. 2007). An alien must also establish that she "would be *individually* and *intentionally* singled out for harsh treatment." *Jean-Pierre v. U.S. Att'y. Gen.*, 500 F.3d 1315, 1324 (11th Cir. 2007). An alien cannot sustain her burden of proof with evidence of "generalized mistreatment" or "an attack on the general state of affairs." *Id.* (quotation marks omitted).

In assessing a CAT claim, the BIA must consider "all evidence relevant to the possibility of future torture." 8 C.F.R. § 208.16(c)(3). An applicant's testimony alone, if credible, may be sufficient to sustain her burden of proof to

3

establish a claim for relief from removal. *See Chen v. U.S. Att'y Gen.*, 463 F.3d 1228, 1231 (11th Cir. 2006).

The BIA's determination that Flores failed to meet her burden of proof for protection under CAT is supported by substantial evidence and not erroneous. Flores failed to present evidence demonstrating that she would more likely than not be subjected to an individualized threat of torture or that any future torture would be at the acquiescence of the Mexican government. The record establishes that Flores was not subjected to any threats of violence or extortion while she resided in Mexico and operated her business for four years in the same location. Flores's credible testimony and the evidence she provided relate more to generalized country conditions and the general threat of violence against business owners, which may eventually lead to her being tortured in the future. *See Jean-Pierre*, 500 F.3d at 1324; *Chen*, 463 F.3d at 1231. However, this evidence, which relates Flores's general fear of being tortured due to gang violence and her status as a business owner, is not specific enough to compel the conclusion that she, individually, is more likely than not to be tortured in the future at the acquiescence of the government. *See Jean-Pierre*, 500 F.3d at 1324; *Najjar*, 257 F.3d at 1303; 8 C.F.R. § 208.16(c)(3).

Moreover, although Flores presented evidence regarding the Mexican authorities' inability to control the type of violence she testified about and testified

4

that the police lacked the ability to control the gangs in her region, Flores also testified that she did not attempt to contact the police about her fear of suffering future violence.  Thus, much like her lack of evidence regarding an individualized threat of torture, Flores also failed to specifically demonstrate that the authorities were aware of her concerns because she failed to contact them.  Accordingly, the record does not compel reversal of the BIA's determination that the torture would be at the acquiescence of the government, due to Flores's lack of specific evidence regarding the government authorities' awareness of the threat of torture in her specific circumstance.  *See Rodriguez Morales*, 488 F.3d at 891; *Jean-Pierre*, 500 F.3d at 1324.

Accordingly, and because Flores has waived review of the BIA's denial of her claims for asylum and withholding of removal, we deny her petition for review.

**PETITION DENIED.**