[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13269
Non-Argument Calendar

_____

Agency No. A216-427-441


BENSON NDUWUEZE OKPARA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(July 2, 2021)

Before JORDAN, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Benson Nduwueze Okpara petitions us to reverse a decision of the Board of Immigration Appeals ("BIA"), which affirmed an Immigration Judge's ("IJ") order denying his requests for asylum under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1158(a), for withholding of removal under the INA, 8 U.S.C. § 1231(b)(3), and for withholding of removal under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment Or Punishment ("CAT"), 8 C.F.R. § 208.16(c). On appeal, Okpara argues that the BIA's decision is not supported by substantial evidence because he demonstrated past persecution and a well-founded fear of future persecution in Nigeria.[1]

In cases where the BIA has issued its own opinion and reasoning, as here, we review only the BIA's decision, except to the extent that the BIA expressly adopts or explicitly agrees with the IJ's opinion. *Tang v. U.S. Att'y Gen.*, 578 F.3d 1270, 1275 (11th Cir. 2009). We do not consider issues that were not reached by the BIA. *Gonzalez v. U.S. Att'y Gen.*, 820 F.3d 399, 403 (11th Cir. 2016).

We review the BIA's factual findings only to ensure that they are supported by "substantial evidence." *Kazemzadeh v. U.S. Atty. Gen.*, 577 F.3d 1341, 1350

---

[1] Okpara has not challenged the IJ's determination that he is not entitled to withholding of removal under the CAT. Accordingly, we do not address that issue. We decide only whether Okpara has demonstrated eligibility for asylum or withholding of removal under the INA.

(11th Cir. 2009). This standard is highly deferential. *Id.* We must view the record in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision. *Silva v. U.S. Att'y Gen.,* 448 F.3d 1229, 1236 (11th Cir. 2006). Thus, we may not reverse the BIA's decision unless the evidence as a whole "compels" a different outcome. *Chen v. U.S. Atty. Gen.*, 463 F.3d 1228, 1231 (11th Cir. 2006). "The mere fact that the record may [also] support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Silva*, 448 F.3d at 1236.

The Attorney General may grant asylum to any non-citizen who meets the INA's definition of a "refugee." 8 U.S.C. § 1158(b)(1)(A). A refugee is defined as:

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

8 U.S.C. § 1101(a)(42)(A). The asylum applicant bears the burden of proving that he is a refugee. 8 U.S.C. § 1158(b)(1)(B)(i). Specifically, the applicant must demonstrate (1) that he was persecuted in the past on account of a protected ground, or (2) that he has a well-founded fear that he will be persecuted in the future on account of a protected ground. *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1257 (11th Cir. 2006). "It is by now well-established . . . that an applicant can

establish eligibility for asylum as long as he can show that the persecution is, at least in part, motivated by a protected ground." *De Santamaria v. U.S. Att'y Gen.*, 525 F.3d 999, 1007 (11th Cir. 2008).

"An applicant shall be found to be a refugee on the basis of past persecution if the applicant can establish that he or she has suffered persecution in the past in the applicant's country of nationality." 8 C.F.R. § 1208.13(b)(1). Persecution is an "extreme concept," requiring more than isolated incidents of verbal harassment or intimidation. *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1231 (11th Cir. 2005). "[M]ere harassment does not amount to persecution." *Id.* Nor do threats or harm toward a petitioner's family member constitute evidence of persecution against the petitioner, "where there has been no threat or harm directed against the petitioner." *Rodriguez v. U.S. Att'y Gen.*, 735 F.3d 1302, 1308 (11th Cir. 2013). Likewise, evidence of private violence, or that a person would be the victim of criminal activity, "does not constitute evidence of persecution on account of a statutorily protected ground." *Id.* at 1310.

Additionally, "[a]n applicant for asylum who alleges persecution by a private actor must prove that his home country is unable or unwilling to protect him." *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 950 (11th Cir. 2010). "[T]he INA does not extend eligibility for asylum to anyone who fears the general danger that

4

inevitably accompanies political ferment and factional strife." *Mazariegos v. U.S. Att'y Gen.*, 241 F.3d 1320, 1328 (11th Cir. 2001).

If a non-citizen establishes past persecution, then he is presumed to have a well-founded fear of future persecution unless the government can rebut the presumption. *Diallo v. U.S. Att'y Gen.*, 596 F.3d 1329, 1332-33 (11th Cir. 2010). "In determining whether an alien has suffered past persecution, the IJ [and the BIA] must consider the cumulative effects of the incidents." *Id.* at 1333. A brief detention coupled with minor bruising does not establish persecution. *Id.* By contrast, "intentionally being shot at in a moving car multiple times" constitutes past persecution, regardless of whether the attack is successful. *Id.*

A non-citizen who has not shown past persecution still may be eligible for asylum if he holds a well-founded fear that returning to his country would pose a threat of future persecution on a protected ground. 8 C.F.R. § 208.13(b)(2). To establish eligibility for asylum based on a well-founded fear of future persecution, the applicant must prove (1) a "subjectively genuine and objectively reasonable" fear of persecution, (2) on account of a protected ground. *Najjar v. Ashcroft*, 257 F.3d 1262, 1287, 1289 (11th Cir. 2001), *overruled on other grounds by Patel v. U.S. Att'y Gen.*, 971 F.3d 1258 (11th Cir. 2020) (*en banc*). "The subjective component is generally satisfied by the applicant's credible testimony that he or she genuinely fears persecution," while "the objective prong can be fulfilled either

by establishing past persecution or that he or she has a good reason to fear future persecution." *Id.* at 1289.

A well-founded fear means a "reasonable possibility" of future persecution. 8 C.F.R. § 208.13(b)(2)(i)(B). To establish a well-founded fear of future persecution, an asylum applicant must present "specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution." *Najjar*, 257 F.3d at 1287. The applicant also must demonstrate that he or she cannot "avoid persecution by relocating to another part of the applicant's [home] country," if such relocation would be reasonable. *Id.* § 208.13(b)(2)(ii).

To qualify for withholding of removal under the INA, a non-citizen must show that, if returned to his country, his life or freedom would be threatened on a protected ground. 8 U.S.C. § 1231(b)(3). The non-citizen must demonstrate either past persecution or that he would more likely than not be persecuted if returned to the country of removal. *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 819 (11th Cir. 2004). If a petitioner is unable to meet the standard of proof for asylum, he cannot meet the more stringent standard for withholding of removal. *Id.*

As an initial matter, we need only consider Okpara's evidence as it relates to his alleged persecution in Nigeria, his country of nationality. *See* 8 U.S.C. § 1101(a)(42)(A) (defining "refugee" as a person who is either unable or unwilling to return to the "country of such person's nationality" due to persecution); *see also*

6

8 C.F.R. § 1208.13(b)(1) (stating that a person will qualify as a refugee if he or she has suffered past persecution "in [his or her] country or nationality," or if he or she can demonstrate a well-founded fear of future persecution "in his or her country of nationality"). We therefore do not discuss the testimony indicating that Okpara and his wife suffered harassment in Romania on account of their interracial marriage. Okpara has not shown how the persecution he allegedly experienced in Romania has any bearing on whether he may safely return to Nigeria.

Here, substantial evidence supports the BIA's determination that Okpara was ineligible for asylum, or withholding of removal, because he failed to establish past persecution or a well-founded fear of future persecution based on a protected ground. *Ruiz*, 440 F.3d at 1257. As to past persecution, Okpara's beating in 1982 does not amount to persecution because it was an isolated incident of harassment by a single individual. *Sepulveda*, 401 F.3d at 1231. Nor do the untimely deaths of Okpara's brother and father, allegedly by poisoning, constitute evidence of persecution because the record does not indicate that there were ever any threats directed toward Okpara himself. *Rodriguez*, 735 F.3d at 1308. Furthermore, Okpara offered no evidence other than his own speculation to support his assertion that his family members were killed because of their religion. Thus, the record does not compel a conclusion that Okpara faced past persecution in Nigeria.

7

As to future persecution, the record indicates that Okpara's fear of being persecuted if he returns to Nigeria is not well-founded because the beating he suffered there occurred almost forty years ago, and because his mother has remained in the country unharmed since then. *See Ruiz*, 440 F.3d at 1259 (finding a non-citizen's fears about future persecution to be "contradicted by his testimony that his son and his parents have remained unharmed in the region of [his home country] where [he] allegedly was threatened*")*. Furthermore, because evidence shows that approximately half of Nigeria's population is Christian, the record does not compel a conclusion that Okpara likely would be singled out for persecution based on his Christian religion in Nigeria—or that he would be unable to relocate to a safer region within the country.[2]

For the foregoing reasons, we deny Okpara's petition.

**PETITION DENIED.**

---

[2] Okpara also argues that he would face persecution in Nigeria based on his membership in a mixed-race family. But he did not produce any objective evidence establishing that mixed-race families are targeted for persecution in Nigeria. Consequently, Okpara has not proven that he is eligible for asylum or withholding of removal on this ground.