[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12830
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 31, 2011
JOHN LEY
CLERK

Agency No. A093-394-245

YI DONG CHEN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(May 31, 2011)

Before EDMONDSON, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Yi Dong Chen, a native and citizen of the People's Republic of China, petitions for review of the Board of Immigration Appeals' ("BIA") affirmance of the Immigration Judge's ("IJ") order denying asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT"). In his application for asylum, Chen asserted that he was eligible for relief based on his past persecution and well-founded fear of future persecution on account of his political opinion. Specifically, Chen asserted that he was entitled to relief based on his wife's forced sterilization and his "other resistance" to China's coercive family planning policy. The IJ and BIA determined that Chen was not credible and denied relief. After review, we deny Chen's petition.

I.

"We review the decision of the [BIA], and we review the decision of the [IJ] to the extent that the [BIA] expressly adopted the opinion of the [IJ]." Kazemzadeh v. U.S. Att'y Gen., 577 F.3d 1341, 1350 (11th Cir. 2009) (quotation marks omitted). In this case, we review both decisions because the BIA agreed with the IJ's findings. See id. We review the BIA's and IJ's conclusions of law de novo, but we review findings of fact, including credibility determinations, for substantial evidence. Id.

The substantial evidence test is highly deferential. "[W]e review the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005) (quotation marks omitted). "We may not 're-weigh the evidence from scratch.'" Kazemzadeh, 577 F.3d at 1351. We must "affirm the [BIA's] decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Forgue, 401 F.3d at 1286 (quotation marks omitted). "To reverse the [BIA's] fact findings, we must find that the record not only supports reversal, but compels it." Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003).

Under 8 U.S.C. § 1158(b)(1)(B)(iii), as amended by the REAL ID Act of 2005, § 101(a)(3), a credibility determination may be based on "any inaccuracies or falsehoods in [the applicant's] statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." An adverse-credibility determination alone may be sufficient to support the denial of an asylum application, especially if the applicant fails to produce corroborating evidence. Chen v. U'S Att'y Gen., 463 F.3d 1228, 1231 (11th Cir. 2006). "If the IJ explicitly determines that the alien lacks credibility, the IJ must offer specific, cogent, reasons for the finding." Id. The

3

burden then shifts to "the applicant alien to show that the IJ's credibility decision was not supported by 'specific, cogent reasons' or was not based on substantial evidence." Forgue, 401 F.3d at 1287.

To qualify for asylum, an alien must show that he is a refugee. Id. at 1286. "An alien qualifies as a refugee if [he] can establish that [he] has suffered past persecution or has a well-founded fear of future persecution, based on a protected ground, in [his] country of origin." Tang v. U.S. Att'y Gen., 578 F.3d at 1270, 1277 (11th Cir. 2009). The five protected grounds are: race, religion, nationality, membership in a particular social group, or political opinion. Ayala v. U.S. Att'y Gen., 605 F.3d 941, 948 (11th Cir. 2010). The Immigration and Nationality Act expressly recognizes forced sterilizations as persecution based on political opinion. Under 8 U.S.C. § 1101(a)(42), "a person who has been forced . . . to undergo involuntary sterilization, or who has been persecuted for failure or refusal to undergo such a procedure or for other resistance to a coercive population control program, shall be deemed to have been persecuted on account of political opinion." We have explained that provision:

> does not confer automatic refugee status on an individual merely because his or her spouse (or unmarried partner) underwent a forced . . . sterilization. Rather, the person who did not physically undergo the forced procedure . . . must establish 'actual persecution for resisting a

country's coercive family planning policy, or a well-founded fear of future persecution for doing so.'

Yu v. U.S. Att'y Gen., 568 F.3d 1328, 1332–33 (11th Cir. 2009) (citations omitted). "Resistance" that could confer refugee status on a spouse includes "expressions of general opposition, attempts to interfere with enforcement of government policy in particular cases, and other overt forms of resistance to the requirements of the family law." Id. at 1334 (quotation marks omitted).

In this case, we conclude that substantial evidence supports the IJ and BIA's finding that Chen was not credible. The IJ and BIA noted that before his hearing Chen never mentioned that he argued with a family planning official on the day of his wife's sterilization. At his hearing, Chen pointed to the argument as a central basis of his entitlement to relief. Chen testified that he feared future persecution because of the argument and that it was the reason that he left China.

The IJ and BIA also noted that Chen testified at his hearing that he was not at home when family planning officials took his wife for involuntary sterilization. During an interview with a Department of Homeland Security asylum officer, however, Chen stated that he was at home when the officials arrived.[1]  In light of

---

[1] Chen contends that the BIA and IJ's reliance on the asylum officer's notes from the interview violated his due process rights. He argues that he was deprived of a fair hearing because the asylum officer did not testify. A due process claim that an applicant was "denied a full and fair hearing . . . is precisely the kind of procedural error which requires exhaustion." Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1251 (11th Cir. 2006). Chen failed to

these discrepancies, substantial evidence supports the IJ and BIA's adverse credibility determination.

Substantial evidence also supports the IJ and BIA's denial of Chen's application for asylum because none of the documentary evidence in the record supports or compels the conclusion that Chen was persecuted or that he has a well-founded fear of future persecution on account of his resistance to China's coercive population control program.[2]  Accordingly, we deny the petition.

PETITION DENIED.

---

raise any claim concerning a due process violation to the BIA.  Because he failed to exhaust the issue, we lack jurisdiction to consider it.

[2]  Because Chen has failed to establish a claim of asylum on the merits, he necessarily fails to establish eligibility for withholding of removal.  See Najjar v. Ashcroft, 257 F.3d 1262, 1293 (11th Cir. 2001).  We lack jurisdiction to consider Chen's claim for CAT relief because he failed to raise it before the BIA.  See Amaya-Artunduaga, 463 F.3d at 1250.