[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-12756
Non-Argument Calendar

_____

Agency No. A206-730-222

IRLIS MAHELI LOPEZ BARRIOS,
ONEYBER JOSUE DE LEON-LOPEZ,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(September 6, 2019)

Before JORDAN, ROSENBAUM, and BRANCH, Circuit Judges.

PER CURIAM:

Irlis Maheli Lopez Barrios and her young son, Oneyber Josue De Leon-Lopez, are natives and citizens of Guatemala. The Board of Immigration Appeals denied their application for asylum and they petition for review of that decision.

Ms. Lopez Barrios and Mr. Leon-Lopez claim that the BIA failed to review the total information presented to the immigration judge purportedly proving that they are in fear of violence and future persecution in Guatemala, and thus failed to render a reasoned decision in their case. They also challenge the BIA's classification of Ms. Lopez Barrios' group as "rural area women in Guatemala with cognitive disabilities" instead of the more general social group "individuals with cognitive disabilities." After a thorough review of the record and the parties' briefs, we deny the petition in part and dismiss in part.

**I**

Ms. Lopez Barrios and her 10-year-old son were apprehended in Hidalgo, Texas and charged as removable under the Immigration and National Act, *see* 8 U.S.C. § 212(a)(6)(A)(i). Ms. Lopez Barrios filed for asylum on behalf of herself and her son. She attached a supporting affidavit to her form, which included a neuropsychological evaluation that reported her as having a "full scale IQ of 53" and "classifying her performance within the Extremely Low range of functioning." AR at 437.

2

Before her hearing, the IJ asked Ms. Lopez Barrios' counsel whether he was concerned about her ability to assist in presenting the case. Ms. Lopez Barrios' attorney answered that, while there had been difficulties, "I would say in general I feel like she has assisted." *Id.* at 109. The IJ asked whether a competency hearing should be held, and her attorney declined, noting that the IJ should instead "take into account" her intellectual deficiencies when evaluating her testimony. *Id.* The IJ also asked whether Ms. Lopez Barrios had a definition of the particular social group of which she claimed to be a member. Her attorney responded, "women living in rural areas in Guatemala who suffer from cognitive disability." *Id.* at 40.

Ms. Lopez Barrios testified that she was born in a rural town near San Marcos, Guatemala. She went to school, but did not finish. It was very difficult for her to understand what was being taught and she stopped going to school when she was 15 years old, without completing the fifth grade. She testified that her parents moved to the United States, and she lived with her grandparents. After she dropped out of school, Ms. Lopez Barrios worked cleaning houses for those members. She did not seek work beyond the homes of her family members because she heard about "a lot of evil things" like "rapes and murders and other things," though she was never a victim of any violence. *Id.* at 127.

Ms. Lopez Barrios came to the United States because her son was having health problems. Her home in Guatemala was far away from medical care, and she

3

could not afford to move away from her grandparents. After arriving in the United States, Ms. Lopez Barrios found work cleaning. She was fearful of returning to Guatemala because she would have to stay with her grandparents (who are now unable to support her), she gets sick a lot (the doctors are far away), and she fears the violent crime she heard about. Finally, she testified that she has not attempted to get assistance in Guatemala for her learning difficulties, and that her difficulty in learning has not caused her other problems.

In addition to her testimony, Ms. Lopez Barrios filed several reports to substantiate her asylum claim, including a Guatemala National Disability Study, a United Nations Committee on the Rights of Persons with Disabilities in Guatemala report, a Transition Foundations study, and her neuropsychological evaluation. As summarized by her attorney, these reports "show[ ] that individuals in Guatemala who have disabilities suffer from discrimination, societal discrimination, that results in a series of negative life circumstances" including access to jobs, political participation, healthcare, and education. *Id.* at 143–44.

The IJ rendered an oral decision denying asylum to Ms. Lopez Barrios and her son. After reviewing "all of the documents in the record," including the "numerous country conditions documents," letters from friends, and Ms. Lopez Barrios' declaration, the IJ concluded that—although her testimony was credible— she did not have a well-founded fear of future persecution based on a statutorily-

protected ground.  Ms. Lopez Barrios testified that neither she nor her family had ever been personally threatened by violence, so she did not have an objective fear of future harm.  The IJ recognized that Ms. Barrios' cognitive disability is an immutable characteristic, but concluded that her status as a resident in a rural area is not.  And she had not established that she was unable to move away from her rural home to seek work in a larger city.

Ms. Lopez Barrios appealed the IJ's decision to the BIA, which also denied her application for asylum.  Because she did not contest the IJ's finding that she had not experienced past persecution in Guatemala, the BIA considered the issue waived.  The BIA also agreed with the IJ's conclusion that she had not established a well-founded fear of future persecution on account of her cognitive disability, as opposed to fear of random crime in Guatemala.  Assuming that her stated social group was viable for asylum under the INA, the IJ also did not err in concluding that Ms. Lopez Barrios failed to show that she could not move away from a rural area.  Ms. Lopez Barrios then sought review here.

## II

The BIA issued its own opinion and relied on the IJ's decision and reasoning. We therefore "review the IJ's opinion, to the extent that the BIA found that the IJ's reasons were supported by the record," and we "review the BIA's decision, with regard to those matters on which it rendered its own opinion and reasoning." *Tang*

5

*v. U.S. Att'y Gen.*, 578 F.3d 1270, 1275 (11th Cir. 2009).  We apply the substantial evidence test to the BIA's factual determinations.  *See Al Najjar v. Ashcroft*, 257 F.3d 1262, 1283 (11th Cir. 2001).  Under that test, we view "the record evidence in the light most favorable to the . . . decision and draw all reasonable inferences in favor of that decision."  *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc).

The BIA and the IJ "must consider all evidence introduced by the applicant," but where the BIA "has given reasoned consideration to the petition, and made adequate findings, we will not require that it address specifically each claim the petitioner made or each piece of evidence the petitioner presented."  *Tan v. U.S. Att'y Gen.*, 446 F.3d 1369, 1374 (11th Cir. 2006) (citation and internal quotations omitted).  We may reverse the IJ's findings "only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough."  *Al Najjar*, 257 F.3d at 1283.

Ms. Lopez Barrios argues that the BIA failed to reasonably consider the record as a whole because its decision did not address the documentary evidence provided to the IJ and on appeal, which she believes shows that people with cognitive disabilities face "economic disadvantages which rise to persecution."  Appellant's Br. at 9.  We conclude that substantial evidence supports the BIA's conclusion that

6

Ms. Lopez Barrios did not demonstrate eligibility for asylum because her fear of future persecution was not objectively reasonable.

The IJ noted the numerous documents and country condition studies that Ms. Lopez Barrios included with her asylum petition. But the IJ found that such information did not outweigh Ms. Lopez Barrios' testimony that she had not tried to find work outside of her hometown, since she presumably could move away with the help of her family. She also testified that she had never personally been the subject of discrimination or violence because of her cognitive disability. When asked why she had not moved away from her grandparent's home in a small town to find work elsewhere, she said that she feared the crime she heard about. The IJ acted reasonably in weighing this evidence and concluding that Ms. Lopez Barrios did not have an objective fear of future persecution based on her cognitive disability. The BIA's decision on appeal recounts the IJ's reasoning and concludes that the IJ did not err. The BIA agreed that Ms. Lopez Barrios' testimony supported a fear of "random crime" and not a fear based on a protected ground. *See* AR at 4.

The record on appeal does not compel reversal. Although the BIA did not specifically reference Ms. Lopez Barrios' country reports, we do not require the BIA to "address specifically each claim the petitioner made or each piece of evidence the petitioner presented." *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 948 (11th Cir. 2010). The BIA's decision reflects a reasoned decision that balances the country reports

and Ms. Lopez Barrios' testimony.  Thus, we affirm the BIA's denial of her application for asylum.

Ms. Lopez Barrios also challenges the IJ's decision not to conduct a competency hearing given that her neuropsychological evaluation showed a cognitive disability.  Ms. Lopez Barrios argues that, had the IJ performed a competency hearing and implemented certain safeguards—like having Ms. Lopez Barrios' husband testify on her behalf and waiving her appearance—she would have been able "to more accurately articulate her fear of future persecution."  Appellant's Br. at 12–13.  Ms. Lopez Barrios points to the BIA's decision in *Matter of M-A-M-*, 25 I. & N. Dec. 474, 474 (BIA 2011), which requires IJs, when there "are indicia of incompetency," to "make further inquir[ies] to determine whether the alien is competent for purposes of immigration proceedings."

The record shows that the IJ recognized that the neuropsychological exam showed that Ms. Lopez Barrios had a cognitive disability.  The IJ asked her attorney whether a competency hearing was required, and whether any safeguards should be put in place.  Her attorney informed the IJ that, although there were difficulties, they had been able to confer and prepare for the hearing.  Her attorney also rejected a competency hearing or any further safeguards.  Given the position taken by counsel for Ms. Lopez Barrios, there is no basis for vacatur.

8

## III

Ms. Lopez Barrios also argues that the BIA misclassified the particular social group she identified with as a basis for asylum.  Her social group should have been "individuals with cognitive disabilities" rather than "women who live in rural areas of Guatemala and have cognitive disabilities."  Appellant's Br. at 14.

An applicant for asylum bears the burden of proving that she is a "refugee" within the INA's meaning of the term.  *See Chen v. U.S. Att'y Gen.*, 463 F.3d 1228, 1231 (11th Cir. 2006).  The INA defines a "refugee" as

> any person who is outside any country of such person's nationality ... and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

8 U.S.C. § 1101(a)(42)(A).  "[A]n applicant can prove refugee status by presenting specific and credible evidence of either past persecution or fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Sanchez Jimenez v. U.S. Atty. Gen.*, 492 F.3d 1223, 1232 (11th Cir. 2007) (quotations omitted).

To establish fear of future persecution, the applicant must show "(1) a subjectively genuine and objectively reasonable fear of persecution that is (2) on account of a protected ground," such as a particular social group.  *Silva v. U.S. Att'y Gen.*, 448 F.3d 1229, 1236 (11th Cir. 2006).  We defer to the BIA's legal definition

of a "particular social group." *See Castillo-Arias v. U.S. Atty. Gen.*, 446 F.3d 1190, 1196 (11th Cir. 2006). As the BIA has explained, a member of a particular social group is someone who "share[s a] characteristic . . . such as sex, color, or kinship ties, or in some circumstances . . . a shared past experience such as former military leadership or land ownership." *Matter of Acosta*, 19 I&N Dec. 211, 233 (BIA 1985). The characteristic "must be one that the members of the group either cannot change, or should not be required to change because it is fundamental to their individual identities or consciences." *Id.*

Ms. Lopez Barrios did not assert the reformulation of her particular social group before the BIA, so we lack jurisdiction to review it. *See Amaya-Artunduaga*, 463 F.3d at 1250–51. When Ms. Lopez Barrios filed her I-589 form, she indicated that she was applying for asylum based on being a member of a particular social group, but she did not describe the group. At the hearing, the IJ asked Ms. Lopez Barrios' attorney how he would define her particular social group, to which he responded "women living in rural areas in Guatemala who suffer from cognitive disability." AR at 115. On appeal to the BIA, Ms. Lopez Barrios' attorney did not correct this description of her particular social group, and the brief includes arguments supporting the rural component of her brief. *See e.g.*, AR at 13 ("Disability in Guatemala, especially in rural areas, is a source of impoverishment for both disabled people and their families."). Because Ms. Lopez Barrios did not

present her argument that the IJ misclassified her social group to the BIA, we lack jurisdiction to review it.  Accordingly, we dismiss this part of her petition for lack of jurisdiction.

## IV

For the foregoing reasons, we deny in part and dismiss in part the petition of Ms. Lopez Barrios and her son.

**PETITION DENIED IN PART AND DISMISSED IN PART.**