[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13268
Non-Argument Calendar

_____

Agency No. A215-975-148


KIB RIA GOLAM,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(April 6, 2020)

Before WILLIAM PRYOR, JILL PRYOR and HULL, Circuit Judges.

PER CURIAM:

Kib Golam, a native and citizen of Bangladesh, petitions for review of the order affirming the denial of his application for asylum and withholding of removal under the Immigration and Nationality Act and for relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment. 8 U.S.C. §§ 1158(b), 1231(b)(3). Golam applied for asylum and withholding of removal on the ground that he had suffered past persecution on account of his political activities, but the Board of Immigration Appeals agreed with the finding of the immigration judge that Golam was not credible. We dismiss in part and deny in part Golam's petition.

Golam argues that he is eligible for relief under the Convention, but we lack jurisdiction to consider that argument. The Board found that Golam did "not meaningfully challenge the Immigration Judge's denial of protection under the Convention . . . [and] deem[ed] the denial of that form of protection waived." "[A]bsent a cognizable excuse or exception, we lack jurisdiction to consider claims that have not been raised before the [Board]." *Amaya–Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006) (internal quotation marks omitted). We dismiss that part of Golam's petition seeking review of the denial of his application for relief under the Convention.

Substantial evidence supports the finding that Golam was not credible, and the Board identified specific and cogent reasons to support that finding. *Chen v.*

*U.S. Att'y Gen.*, 463 F.3d 1228, 1230–31 (11th Cir. 2006). Golam based his claim of persecution on his membership in the Liberal Democratic Party and incidents involving the opposition ruling party, the Awami League, but there were several inconsistencies in Golam's credible-fear interview with an asylum officer, his written application for asylum and withholding of removal, and his testimony at his removal hearing regarding his knowledge of the Party and his interactions with members of the League. During his interview and in his application, Golam stated that he was attacked and beaten twice, but he later testified at his removal hearing that he was beaten "many times." Golam told his interviewer that nothing happened to him after he moved to Dhaka, where he turned off all telephones and stayed inside a house, but Golam testified at his removal hearing that he did not feel safe in Dhaka and received threatening telephone calls. And although Golam professed to be a member of the Party, the immigration judge found that Golam "show[ed] a shocking lack of knowledge of" the political system in Bangladesh. Golam described the nature of the Party as "a political party in Bangladesh," and when asked to explain its policies, stated that it was "a very good party" that "do[es] good for the . . . poor people and . . . the development of the country[,]" "always give[s] . . . plenty to the good thing," and does "not accept any illegal things happens in the country." Golam fails to explain how this record would compel a reasonable fact finder to reverse the adverse credibility finding against

3

him and conclude that he established eligibility for asylum relief or withholding of removal. *See id.* at 1233.

We **DISMISS** Golam's petition for review of the denial of relief under the Convention and **DENY** his petition for review of the denial of asylum and withholding of removal.

**DISMISSED IN PART, DENIED IN PART.**