[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11070

Non-Argument Calendar

_____

GURPREET SINGH,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A216-176-673

_____

Before JORDAN, LAGOA, and BLACK, Circuit Judges.

PER CURIAM:

Gurpreet Singh seeks review of the Board of Immigration Appeals' (BIA) final order affirming the denial of his application for asylum and withholding of removal.  Singh contends the denial of asylum and withholding of removal was not supported by substantial evidence because he demonstrated he suffered repeated mistreatment by members of a political party that rose to the level of persecution, and he demonstrated a well-founded fear of future persecution based on his political opinion.  After review,[1] we deny the petition.

## I. DISCUSSION

The Attorney General may grant asylum to a non-citizen who is outside his country of nationality, unwilling to return, and unable to avail himself of its protection because of persecution or a well-founded fear of persecution on account of his race, religion, nationality, membership in a particular social group, or political opinion.  8 U.S.C. §§ 1158(b)(1)(A); 1101(a)(42)(A).  The asylum

---

[1] Because the BIA adopted the immigration judge's (IJ) decision, we review both the BIA and IJ's decisions. *See Chen v. U.S. Att'y Gen.*, 463 F.3d 1228, 1230 (11th Cir. 2006).  We review factual determinations under the substantial evidence standard, "which provides that the decision can be reversed only if evidence compels a reasonable fact finder to find otherwise." *Lyashchynska v. U.S. Att'y Gen.*, 676 F.3d 962, 967 (11th Cir. 2012) (quotation marks omitted).  We must affirm if the BIA's decision is supported by reasonable, substantial, and probative evidence when the record is considered as a whole. *Id*.

applicant carries the burden of proving statutory "refugee" status. 8 U.S.C. § 1158(b)(1)(B)(i); *Diallo v. U.S. Atty. Gen.*, 596 F.3d 1329, 1332 (11th Cir. 2010).

## A. Past Persecution

Persecution is an extreme concept that is evaluated by considering the cumulative impact of the harms suffered by the petitioner. *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1353 (11th Cir. 2009). Serious physical injury is not required to prove past persecution where the petitioner demonstrates repeated threats combined with other forms of serious mistreatment. *De Santamaria v. U.S. Att'y Gen.*, 525 F.3d 999, 1009 (11th Cir. 2008).

In *Mejia*, we concluded the petitioner suffered persecution where he was the target of attempted attacks over an 18-month period, received multiple death threats, and was physically attacked twice, once when a large rock was thrown at him and once when members of the gang targeting him broke his nose with the butt of a rifle. *Mejia v. U.S. Att'y Gen.*, 498 F.3d 1253, 1257-58 (11th Cir. 2007). We concluded "the threats and attacks the petitioners suffered were neither isolated nor simply harassment." *Id.* at 1257 (quotation marks omitted). Conversely, in *Djonda*, we concluded the record did not compel a finding the petitioner suffered past persecution where the petitioner was threatened with imprisonment, detained for 36 hours in a small cell shared by 12 people, and was beaten twice, once involving a belt and resulting in scratches and bruises. *Djonda v. U.S. Att'y Gen.*, 514 F.3d 1168, 1171-74 (11th Cir.

2008).  We concluded that minor beatings and verbal threats did not compel a finding of past persecution.  *Id.* at 1174.

Moreover, violence accompanying "a credible death threat by a person who has the immediate ability to act on it constitutes persecution regardless of whether the threat is successfully carried out."  *Diallo v. U.S. Att'y Gen.*, 596 F.3d 1329, 1333-34 (11th Cir. 2010) (finding past persecution where the petitioner suffered a minor beating and was detained for eleven hours, but was also threatened with death by the same soldiers who also killed his brother). *See also De Santamaria v. U.S. Att'y Gen.*, 525 F.3d 999, 1009 & n.7 (11th Cir. 2008) ("We may consider a threatening act against another [the murder of the petitioner's family groundskeeper] as evidence that the petitioner suffered persecution where that act concomitantly threatens the petitioner."); *Delgado v. U.S. Att'y Gen.*, 487 F.3d 855, 859-61 (11th Cir. 2007) (finding persecution based on cumulative effect of two attacks (including one attack where the attackers pointed unloaded guns at the petitioners and pulled the triggers), continued threatening phone calls, and two instances of the petitioner's car being disabled and vandalized with political graffiti).

The BIA did not err in adopting the IJ's decision to deny Singh's application for asylum and withholding of removal.[2]

---

[2] "To be entitled to withholding of removal, the petitioner[ ] must meet a higher evidentiary threshold than the well-founded fear standard for asylum." *Jathursan v. U.S. Att'y Gen.*, 17 F.4th 1365, 1375 (11th Cir. 2021).  "Specifically, the petitioner must establish that he or she would more likely than not be persecuted on account of a protected ground." *Id.* (quotation marks omitted).

Despite finding Singh credible, the IJ determined the two attacks suffered by Singh did not rise to the level of persecution. Singh testified he was attacked twice, suffering bruising from the first incident and wounds to his arms from the second. His attackers also threatened to kill him if he continued working for the Mann Party, and Singh testified that after he left India, men went into his parent's house asking his whereabouts and attacked his parents and sister.

We have determined that similar minor beatings and threats did not amount to persecution. *See Kazemzadeh*, 577 F.3d at 1352-53; *Djonda*, 514 F.3d at 1171-74. And while we have held that credible death threats paired with violence can constitute past persecution, the facts of Singh's case do not rise to the level of those in *Diallo, De Santamaria, and Delgado*. *Diallo*, 596 F.3d at 1333-34; *De Santamaria*, 525 F.3d at 1009; *Delgado*, 487 F.3d at 859-61. The IJ likened Singh's injuries to a street fight and noted this does not meet the extreme threshold of persecution. Viewing the record in the light most favorable to the agency, the evidence here, which consists only of Singh's testimony, does not compel a finding contrary to the IJ's finding. *See Sanchez Jimenez v. U.S. Att'y Gen.*, 492 F.3d 1223, 1230 (11th Cir. 2007) (stating, under the substantial evidence standard, we "view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision" (quotation marks omitted)). Singh has

---

A petitioner who fails to meet the burden of proof for asylum generally cannot meet the higher burden of proof for withholding of removal. *Id*.

not shown error in the denial of asylum and withholding of removal relief based on past persecution. Accordingly, we deny his petition as to this issue.

## B. Future Persecution

A well-founded fear of future persecution may be established by showing: (1) past persecution that creates a presumption of a "well-founded fear" of future persecution; (2) a reasonable possibility of personal persecution on account of a protected ground that cannot be avoided by relocating within the subject country; or (3) a pattern or practice in the subject country of persecuting members of a statutorily defined group of which the alien is a part. 8 C.F.R. § 208.13(b)(1), (2). To show future persecution in the absence of past persecution, a petitioner must show his well-founded fear of future persecution is subjectively genuine and objectively reasonable. *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1257 (11th Cir. 2006). "The subjective component is generally satisfied by the applicant's credible testimony that he or she genuinely fears persecution." *De Santamaria v. U.S. Att'y Gen.*, 525 F.3d 999, 1007 (11th Cir. 2008) (quotation marks omitted). The objective prong is generally satisfied by showing the applicant "has a good reason to fear future persecution." *Ruiz*, 440 F.3d at 1257 (quotation marks omitted). To establish a "pattern or practice" of persecution based on membership in a group, the applicant must show "extreme and pervasive" persecution. *Lingeswaran v. U.S. Att'y Gen.*, 969 F.3d 1278, 1290-91 (11th Cir. 2020).

An alien does not have a well-founded fear if he could avoid persecution by reasonably relocating within his country. 8 C.F.R. § 1208.13(b)(2)(ii). The reasonableness of relocation depends upon all the circumstances, including the country's size; the geographic locus of the persecution; the size, numerosity, and reach of the persecutor; and the applicant's demonstrated ability to relocate to the United States. *Id.* (b)(3).

As discussed above, Singh did not establish past persecution such as would create a presumption of a "well-founded fear" of future persecution. 8 C.F.R. § 208.13(b)(1), (2). Therefore, Singh must demonstrate his fear of future persecution is subjectively genuine and objectively reasonable. *See Ruiz*, 440 F.3d at 1257. The IJ found Singh credible, which satisfies the first prong, but Singh's testimony supports the IJ's finding that Singh's fear is not objectively reasonable. *See De Santamaria*, 525 F.3d at 1007. Singh is a young, low-level, non-militant worker such that he is unlikely to be targeted on an individual basis. Additionally, Singh could reasonably relocate within India to avoid future harm, as is evidenced by his travel to Delhi and ability to stay there several days before leaving the country. Singh appears to have the financial means to relocate, since he was able to travel to the United States with an agent hired by his family. In total, this suffices as evidence that Singh's fear of future persecution is not objectively reasonable. Because Singh fails to establish the well-founded fear of persecution required for asylum, he also fails to meet the burden of proof for withholding of removal. *See Kazemzadeh*, 577 F.3d at 1352 (stating if an applicant cannot meet the well-founded fear standard of asylum, he generally

will not be qualified for withholding of removal).  As such, we deny his petition as to this issue.

## II.  CONCLUSION

The BIA's decision is supported by substantial evidence because two relatively minor attacks not resulting in serious injury do not rise to the level of persecution, and Singh did not demonstrate an objectively reasonable fear of future persecution because he is able to safely relocate within India.  We deny his petition.[3]

**PETITION DENIED**.

---

[3] Singh also contends the IJ erred in finding he was harmed for reasons other than his political opinion. Even if Singh established that his political opinion is a central reason behind the attacks, his claim fails because he failed to demonstrate past persecution or a well-founded fear of future persecution.